## THE STATE v. HARRY REPPLEY, Appellant.

### Division Two, June 2, 1919.

1. **WITNESS: Coindictee: Case Undisposed of.** Where two persons are jointly indicted for the same offense one may not testify for the State against the other before his case is disposed of.

2. ———: ———: **Disposal of Case: Plea of Guilty.** A plea of guilty by one of two persons jointly indicted for the same offense is equivalent to a trial and conviction so far as to permit him to testify against the other.

3. ———: ———: ———: **Effect of Plea of Guilty.** A plea of guilty does not necessarily confess guilt of the crime charged; it only means that the truth of the facts charged is confessed. Notwithstanding such plea, the defendant may file a motion for a new trial, and it being overruled appeal or sue out a writ of error, on the ground that the information charges no offense.

4. ———: ———: ———: **Plea of Guilty: Motion for New Trial.** The mere filing of a motion for a new trial after a plea of guilty does not disqualify the pleader from testifying against his

coindictee; but, nothing more appearing, his case is sufficiently disposed of to qualify him to testify. So that if the motion for a new trial, filed after a plea of guilty by one of two jointly indicted persons, offered in evidence by the other in his separate trial, does not reveal that it is an application to withdraw the plea of guilty and plead not guilty, or that it contains anything more than some technical objection to the information or the form of entry, it will not on appeal be held that the trial court erred in permitting said coindictee to testify against the codefendant on trial.

5. **INSTRUCTION: Larceny: Committed by Either Defendant.** An instruction which requires the jury to find that "the defendants, either acting alone or with one another, did wrongfully take and carry away . . . with intent to fraudulently convert the same to their own use," certain automobile tires, did not authorize a verdict of guilty, against one of them tried separately, if either of them committed the theft. It required both defendants to have participated in the offense, although the physical act of detaching the tires from the car was performed by one of them alone.

6. ——: ——: ——: **On All Questions of Law.** An instruction which told the jury that the court instructs them "on all questions of law" arising in the case and then proceeded to tell them that "all persons are equally guilty who act together in the commission of a crime, and a crime so committed by one or more persons jointly, is the act of each and all so acting," could not have misled the jury, or induced them to find the defendant guilty unless he participated in the theft.

7. ——: ——: **Must Be Read Together.** Instructions defining larceny and accessories must be read together, and if both are correct in their definitions they cannot be held to have misled the jury.

8. **ARGUMENT TO JURY: Prosecuting Attorney: Belief in Defendant's Guilt: Truthfulness of Witness.** The prosecuting attorney is out of order when he expresses his belief in the guilt of defendant, and should be rebuked by the court. But he has a right to refer to the facts in evidence and argue them, and in doing so to commend the truthfulness of his witness; and if a witness jointly indicted with defendant has pleaded guilty and has been attacked by defendant's counsel, it is not error for the prosecutor to say to the jury: "That boy didn't know what punishment he is going to get; and if I thought that his testimony didn't ring true, I would never have insulted your intelligence by offering him as a witness."

Appeal from St. Louis City Circuit Court.—*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*Willis H. Clark* for appellant.

(1) The court erred in admitting testimony of the codefendant Keller in evidence against appellant. State v. Miller, 100 Mo. 606; State v. Chyo Chiagk, 92 Mo. 395. (2) The first and second instructions given were erroneous in that they were not confined to the issue on trial, and authorized the conviction of appellant in case the jury found the offense charged to have been committed by either one or both the defendants named in the information. State v. Vaughan, 200 Mo. 1; State v. Bobbitt, 228 Mo. 252; State v. Bobbitt, 242 Mo. 273; State v. Fredericks, 136 Mo. 51; State v. Kaiser, 124 Mo. 651. (3) The court erred in overruling objections of appellant to improper remarks of the prosecutor in his argument to the jury and in refusing to admonish the prosecutor concerning such remarks. State v. Baker, 246 Mo. 357; State v. Webb, 254 Mo. 414; State v. Hess, 240 Mo. 147; State v. Furgerson, 152 Mo. 92; State v. Wigger, 196 Mo. 90.

*Frank W. McAllister,* Attorney-General, and *Thomas J. Cole,* Special Assistant Attorney-General, for respondent.

(1) If an accomplice has pleaded guilty, or has been convicted, or if the case against him has been nolled and judgment has not been entered, he is a competent witness for or against others included in the same information or indictment. State v. Shelton, 223 Mo. 132, 136; State v. Conway, 241 Mo. 278; State v. Walker, 98 Mo. 102; State v. Jackson, 106 Mo. 177; State v. Chyo Chiagk, 92 Mo. 401. (2) The remarks of

the prosecuting attorney were not improper. State v. Miles, 199 Mo. 553; State v. Wassing, 169 N. W. 488; People v. Worth, 108 Mich. 307; 16 C. J. 2246; Driscol v. People, 47 Mich. 413. See also, People v. Riker, 168 N. W. 435. (3) All of the instructions given in a case are to be considered together. State v. Kinder, 184 Mo. 295; State v. Montgomery, 230 Mo. 671. Instructions 1 and 2, when considered with instruction 3 and the other instructions given herein, were proper. State v. Darling, 199 Mo. 200.

WHITE, C.—The defendant was tried and convicted on an information charging him and one Joseph Keller with the crime of grand larceny. Keller, his co-defendant, was arraigned and pleaded not guilty. He afterwards withdrew his plea of not guilty and entered a plea of guilty. Thereafter Keller filed some sort of motion for new trial, which was pending at the time the defendant Reppley was brought to trial. Keller was a witness for the State against Reppley and the ruling of the trial court in permitting him to testify is assigned as error.

The defendants were charged with stealing two automobile tires from the car of Judge George Williams on the evening of September 3, 1917. On that evening Judge Williams drove to the Bevo Mills and left his car, a Packard, in charge of his chauffeur, Frank Wesley. He had two extra Goodyear Cord tires, mounted on steel rims and enclosed in leather cases, on the back of his car. These tires with casings, rims and inner tubes were valued at $221. The chauffeur parked the car on the south side of the street and remained in the car, after Judge Williams had stepped out, for some time, and then crossed the street, where he stood a few minutes, when some unknown man called his attention to his car. He ran hastily back and found another car driving away, but not before he recognized the State license number, 101681. The tires mentioned had been

taken from Judge Williams's standing car. Later the same day the chauffeur discovered a Studebaker automobile with that license number at 4164 Pleasant Street, and reported the fact to the police. The defendants Reppley and Keller, with two other boys, were in the car at the time and they were arrested. The car contained two tires, but not the tires of Judge Williams. The next morning the stolen tires were found at 2109 Johnson Avenue, in a shed of one Frank Shaller, who lived at that number and ran an automobile repair shop there. He said he did not know anything of the tires which were found in his shed. Keller testified that he had known the defendant Reppley for two weeks prior to the time the tires were taken and that on the evening of September 3rd, he, Reppley and two others started out for the purpose of getting tires. They drove to the Bevo Mills, saw Judge Williams' car drive up, removed the tires from his car and took them away. They first intended to leave the tires at Reppley's house, but decided to take them to a shed at some place west of Grand Avenue. After that they went out and got some more tires, which were found in their car at the time they were arrested. The defendant offered evidence to show that he had an automobile and horses and wagons which he let out for hire. His wife testified that on the evening of September 3rd, he had rented his automobile to Keller and that he was at home and with her at a picture show that evening. Defendant testified to the same facts. On the submission of the issues to the jury the defendant was found guilty and his punishment assessed at two years in the Penitentiary, from which judgment he appealed.

I. The evidence was entirely insufficient to warrant a verdict of guilty against the defendant except for the testimony of Keller. Counsel for defendant vigorously assert that the court committed error in permitting Keller to testify, on the ground that he was a co-defendant with Reppley. The authorities are uniform

in this State that where two persons are jointly indicted for the same offense one may not testify for the State against the other while his case is undisposed of. In many jurisdictions the rule obtains that on separate trials of defendants jointly indicted one may testify against the other whether the case is disposed of or not. [16 C. J. p. 691.] But in this State the rule is more strict, and such a witness cannot testify before his case is disposed of unless he is charged in a separate information from defendant. The authorities were collated and the points discussed at length in the case of State v. Chyo Chiagk, 92 Mo. 395. A plea of guilty is equivalent to a trial and conviction so far as an effectual disposition of the case is concerned, so as to permit a codefendant to testify. [State v. Jackson, 106 Mo. 174; State v. Shelton, 223 Mo. 1. c. 134-5; State v. Minor, 117 Mo. 302, 1. c. 305.]

Appellant in this case while admitting that the rule obtains here as stated, argues that Keller's case was not disposed of in such way that he had nothing to hope for or to gain through testifying against his codefendant. It is argued that although Keller had pleaded guilty, he had afterwards filed a motion for new trial, which was pending at the time he testified, and he was at liberty on bail; that therefore his case was undisposed of and the whole body of the case remained for determination against him. Under the law, it is urged he had a right to withdraw his plea of guilty, at any time before sentence and elect to submit his case to trial, and his motion for new trial is equivalent to an election to withdraw his plea of guilty.

The files were introduced showing that the defendants were jointly informed against for grand larceny, and the record of the circuit court was offered showing the plea of guilty of Joseph Keller; defendant also separately offered Keller's motion for new trial and proof to show that the motion for new trial in that case was still pending at the time the witness was called

to testify. That motion is not set out in the record here. There is nothing to indicate its purport or substance except that it is designated as a motion for new trial. The record shows no indication that it is merely an application for leave to withdraw his plea of guilty and plead not guilty. We do not know, from what is shown by the record, that the motion contains anything of which the court could properly take cognizance, or that it contains anything more than some technical objection to the information or the form of entry.

A defendant who pleads guilty to a charge in an information does not thereby necessarily confess guilt of the crime it is sought to charge against him; it only means he confesses the truth of the facts stated in the information. He may follow his motion for new trial in such case, appeal, or sue out a writ of error, on the ground that the information or indictment charges no offense. [State v. Rosenblatt, 185 Mo. l. c. 119; State v. Kelley, 206 Mo. l. c. 693.] The fact that Keller had filed a motion for new trial in the case in which he pleaded guilty would not indicate that he was attacking anything but the form of the information on which he was arrested. The trial court is presumed to have acted regularly. If Keller had presented his application to withdraw his plea of guilty so that he might plead not guilty, the record would show that, but it shows nothing of the kind.

At most it stands on the same footing as a motion for new trial would stand after a conviction. A witness is permitted to testify against his codefendant immediately after conviction and before time to file a motion for new trial is expired. [State v. Peters, 258 Mo. 334, l. c. 342.] While a defendant still has time in which to file a motion for a new trial his case is in the same position, so far as its final disposition is concerned, as that of a defendant whose motion has been filed. It has been held that the pendency of a motion for a new trial by an accomplice who has been convicted does not prevent

his testifying against the defendant charged with the same crime. [State v. Myers, 198 Mo. 225, l. c. 252.] In that case, it is true, the witness was charged in an information separately from the defendant with the same offense, but the court in determining the case puts the right of the State to use the witness upon two grounds, that he was charged separately and that he had been convicted; the pendency of his motion for new trial made no difference.

For these reasons the court did not err in permitting Keller to testify.

II. Appellant complains of instructions given to the jury. Instruction numbered 1 is as follows:

"It is the duty of the court to instruct you on all questions of law arising in this case, and it is your duty to receive such instructions as the Instruction. law of the case, and to find the defendant guilty or not guilty according to the law as declared by the court and the evidence as you have received it under the direction of the court.

"All persons are equally guilty who act together in the commission of a crime, and a crime so committed by one or more persons jointly, is the act of each and all so acting.

"First, If, upon consideration of all the evidence in the case, in the light of the court's instructions, you believe and find from the evidence that at the City of St. Louis, Missouri, on the 3rd day of September, 1917, or at any time within three years next before the filing of the information herein, the defendants either acting alone or with one another, did wrongfully take and carry away two automobile tires, including casings, inner tubes and rims, of the value of one hundred and fifteen dollars, from the possession of George Williams, with the intent to fraudulently convert the same to their own use, and permanently deprive the owner thereof,

without his consent, and that the automobile tires, tubes and rims were the property of the said George Williams, and of the value of thirty dollars or more, you will find the defendant guilty of grand larceny and assess his punishment at imprisonment in the Penitentiary for not less than two years, nor more than five; and unless you so believe and find from the evidence, you will acquit the defendant of grand larceny.''

It is contended that this instruction authorizes a verdict of guilty if either of defendants committed the theft. That is, Reppley could be found guilty if Keller alone stole the tires. The instruction is not open to that objection. Grammatically it is entirely clear and correct in requiring the jury to find "the *defendants* . . . did wrongfully take and carry away . . . with intent to fraudulently convert the same to *their* own use." That is, both defendants must have participated in the offense before the appellant could be found guilty, although the physical act of detaching the tire from its moorings on the car was performed by one man alone.

It is not likely that the jury could possibly misunderstand the effect of the instruction because the first part of the instruction directs their attention to the fact that the court instructs them "on all questions of law" arising in the case. It then directs them that "all persons are equally guilty who act together in the commission of a crime, and a crime so committed by one or more persons jointly is the act of each and all so acting." The jury could not have understood that the defendant was guilty unless he participated in the theft, although he himself did not take manual possession of the articles stolen. Juries are supposed to exercise and do exercise ordinary intelligence in considering instructions and the facts of the case as presented. [State v. Taylor, 134 Mo. 109, l. c. 151.]

The second instruction is also objected to. It describes what is necessary in the commission of the crime

of larceny as applied to the facts of this case and directs that "if the defendants, or either of them, either alone or acting together, removed the property described in the information with intent," etc., that act would constitute the crime of larceny. That instruction does not authorize a verdict on the finding of such fact. It does correctly state what would constitute larceny. The jury were bound to understand that the larceny would be committed by the one who actually did the act.

The jury is further enlightened about the matter by instruction numbered 3 which tells them that when the offense is actually committed by one person and another person is present and knows the willful intent, and aids, abets and encourages the person engaged in the unlawful act, such person so encouraging is equally guilty with the person actually committing the larceny. These instructions must be read together and taken together. They correctly state the law and are not likely to mislead, although they may be longer and more explicit than approved instructions in cases cited by appellant. [State v. Kinder, 184 Mo. l. c. 295; State v. Bobbitt, 242 Mo. l. c. 284-5.]

III. Appellant insists that there was error in permitting the State's attorney in his closing argument to use this language: "Now he also speaks about this boy Keller may be turned out, and for you not to believe his testimony. Now let me tell you something gentlemen: That boy didn't any more know than you right now what punishment he is going to get. And if I thought that boy wasn't telling the truth, and if I thought for one minute that his testimony didn't ring true in every respect, I would have never insulted your intelligence by offering him as a witness."

Argument to Jury.

A prosecutor is out of order when he expresses his belief in the guilt of a defendant on trial. And

such assertion on his part requires a rebuke by the court. [State v. Hess, 240 Mo. 1. c. 159; State v. Webb, 254 Mo. 1. c. 435; State v. Baker, 246 Mo. 1. c. 376.] The reason for this rule is that the jury might infer from such remarks he had reasons or information other than that developed in the evidence from which he obtained his belief in the guilt of defendant, and might be improperly influenced thereby against the defendant. It would be improper for a prosecutor to state facts not in the evidence indicating guilt. [State v. Furgerson, 152 Mo. 92.] But if he should refer to the facts in evidence and argue that, from such facts, the inference of guilt should be drawn, he would be strictly within his rights, for that is the purport and effect of every argument presented by the prosecution. But no case has been called to our attention showing that the prosecutor in commending his *witness* as truthful, is improper, requiring a reprimand. It has been held to the contrary by this court. [State v. Miles, 199 Mo. 530, 1. c. 553.] And by courts in other jurisdictions. [People v. Wirth, 108 Mich. 1. c. 308; State v. Wassing, 169 N. W. (Minn.) 485.]

It is evident from the remarks the prosecuting attorney made that the witness Keller had been violently attacked by the defense. Apparently it had been charged that he was testifying with the knowledge that his testimony would mitigate his own punishment. What else was said by defendant's counsel in disparagement of the witness does not appear in the record. But the effect of the argument was to bring this indignant protest of the prosecutor in defense of the witness. He does not indicate to the jury that he had information or that he based his opinion on Keller's veracity from anything outside the record. On the contrary, he asserts his faith in Keller's truthfulness, because he had no reason to think "his testimony did not ring true in every repect," referring directly to the testimony offered by the witness and his conclusion from it.

Finding no error in the record the judgment is affirmed.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.