STATE OF MISSOURI, RESPONDENT, v. GEORGE CLARK, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—**Intoxicating Liquors—"Hootch, Moonshine, Corn Whiskey."** Under section 6588, Revised Statutes 1919, as amended by Laws 1921, p. 414, making transportation and possession of intoxicating liquor a misdemeanor, and not

being changed by Laws 1923, p. 243, and Laws 1923, p. 242, making transportation of "hootch, moonshine, corn whiskey" a felony, "hootch, moonshine, corn whiskey" includes "intoxicating liquor," but "intoxicating liquor" does not always include "hootch, moonshine, corn whiskey."

2.—Criminal Law—Intoxicating Liquors—Possession and Transportation. In prosecution for possession and for transportation of liquor, where acts of transporting and possession were part of one transaction, convictions on both counts could not stand.

3.—Same—One Offense Necessary Element of Another—One Transaction. Where an offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the other.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 272, n. 21; p. 279, n. 58; Intoxicating Liquors, 33CJ, p. 580, n. 23.

Appeal from the Circuit Court of Phelps County.—Hon. W. E. Barton, Judge.

REVERSED AND REMANDED.

*John S. Watson* for appellant.

(1) First: There is positively no evidence whatever in this record to show that the jug which defendant is charged with having transported, contained at said time any whiskey or other intoxicating liquors; hence there is a total failure of proof. And especially is this so as to count one. (2) The court erred in giving instructions No. 1 and 6 on the part of the State. "Where an offense is a necessary element in, and constitutes an essential part of another offense. and both are in fact but one transaction, conviction or acquittal of one is a bar to the prosecution for the other." State v. Huffman, 136 Mo. 62; State v. Smith, 43 Vt. 324; 256 Mo. 245.

*A. S. Holmes,* Prosecuting Attorney, for respondent.

The appellate court will not undertake to pass upon the weight of the evidence in a criminal case unless there was no substantial evidence to justify the verdict. State v. Hires, 245 S. W. 573; State v. Rhoades, 245 S. W. 580; State v. Morris, 245 S. W. 587; State v. Perkins, 240 S. W. 851; State v. Daugherty, 250 S. W. 957; State v. Manuel, 204 S. W. 555; State v. Sayman, 103 Mo. App. 141; State v. Day, 100 Mo. 242; State v. Huff, 164 Mo. 480.

BRADLEY, J.—Defendant was charged by information in separate counts with the unlawful possession and transportation of intoxicating liquor. He was convicted by a jury and his punishment

fixed at a fine of $250 on each count. Motion for new trial was overruled and defendant appealed.

The evidence on the part of the State is to the effect that on September 27, 1924, defendant near the town of Newburg got out of his wagon, and with a jug in his hand, went some distance from the road and placed the jug in some weeds. Tirl Heflin, a deputy sheriff, and Bill Nichols were near by and Nichols pointed out to Heflin where the jug was and Heflin obtained it. This jug, according to the State's evidence, was full, or substantially full, of moonshine whiskey.

Defendant's evidence was to the effect that he lived on a farm some six miles southwest of Newburg, and that on the morning in question he went to Newburg in a wagon; that his wife and a Mrs. Yowell accompanied him; that he carried a dressed beef in the wagon and had the beef on straw and a cover over it. Mrs. Clark and Mrs. Yowell sat in the front seat and Mrs. Clark drove the team. Defendant admitted that he stopped near a bridge, where the State contends the whiskey was taken out of the wagon, and got out of the wagon and stood by a young mule he was working until an automobile passed. But defendant denied having a jug, denied placing a jug and denied ever seeing the jug produced at the trial. Mrs. Clark and Mrs. Yowell testified that defendant had no jug and that he did not leave the road when he got out of the wagon.

Defendant challenges the sufficiency of the evidence. This assignment is on the theory that it was not shown that the jug which the State's evidence tends to show defendant placed, had any whiskey in it while in the possession of defendant. But since the cause must be reversed for reasons hereinafter stated, it is not necessary to rule on the sufficiency of the evidence. If we were to hold that the evidence was not sufficient to show that whiskey was in the jug while in defendant's possession we would not be justified in reversing outright, but should remand to give the State an opportunity to show that no one put whiskey in the jug after it was placed by defendant.

As supporting the assignment based on the sufficiency of the evidence defendant relies upon State v. Ridge, 275 S. W. (Mo. App.) 59. In the Ridge case we said:

"We believe, however, there was a failure of proof that defendant transported the liquor. The evidence that he was seen with a suitcase to leave an automobile, and that a short time afterwards the suitcase containing the 'white mule whiskey' was found in the old house is obviously not substantial evidence that the whiskey was in the suitcase when carried into the house. At most such evidence only raises a strong suspicion that intoxicating liquor was being transported. It is true no one else was seen at the time to enter or leave the house. The whiskey, however, may have been in the house and

placed in the suitcase by defendant. It has been consistently held that the accused may not be convicted on suspicion, however strong that may be. [State v. Ballard, 104 Mo. loc. cit. 637, 16 S. W. 525; State v. Woodson, 175 Mo. App. loc. cit. 393, 162 S. W. 327; State v. Scott, 177 Mo. loc. cit. 672, 76 S. W. 950.]''

We think that there is an obvious distinction between the case at bar at the Ridge case. The State's evidence in the instant case is not very definite as to whether the place where the jug was left, according to the State, was out of the view of Heflin and Nichols from the time it was placed until obtained, or how much time elapsed from the time the jug was placed until obtained. But if the cause is retried these points may be made more definite.

As stated defendant was charged in separate counts with the unlawful possession and transportation of *intoxicating liquor* under section 6588, Revised Statutes 1919, as amended, Laws 1921, p. 414. When section 6588 was amended in 1921 the penalty prescribed for its transgression was not changed, but remained as fixed in 1919. [Sec. 6604, R. S. 1919.] The Act of 1919, section 6588, Revised Statutes 1919, made unlawful possession of *intoxicating liquor* a misdemeanor. The Act of 1921, Laws 1921, p. 414, made the unlawful transportation of *intoxicating liquor* a misdemeanor. In 1923, Laws 1923, p. 242, the transportation of hootch, moonshine, corn whiskey was made a felony. Also in 1923, Laws 1923, p. 243, section 6604, Revised Statutes 1919, the section prescribing the penalty for possession and transportation of intoxicating liquor was repealed and a new section enacted, but the penalty for possession and transporting remained that of a misdemeanor. So we see that it is a felony to transport hootch, moonshine, corn whiskey, and a misdemeanor to transport intoxicating liquor. The terms hootch, moonshine, corn whiskey would always include intoxicating liquor, but the words intoxicating liquor would not always include hootch, moonshine, corn whiskey.

Defendant contends that under the facts a conviction for both possession and transporting cannot stand. The act of possession and the act of transporting under this record are one and the same. The same facts which show possession must be invoked to show transportation, and *vice versa*. Where an offense is a necessary element in, and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the other. [State v. Huffman, 136 Mo. 58, 37 S. W. 797.] There can be no reasonable conclusion under the facts in this record other than that defendant's acts were but one transaction, and that both convictions cannot stand.

The judgment should be reversed and the cause remanded. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.