THE STATE v. MARTIN WILSON, *alias* MORRIS KAPLAN, Appellant.—12 S. W. (2d) 445.

Division Two, December 18, 1928.

*Bass & Bass* and *Julius A. Razovsky* for appellant.

566

*Stratton Shartel,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

WALKER, J.—The appellant, with two others, was indicted in the Circuit Court of Jackson County, charged with robbery in the first degree. He was granted a severance, tried to a jury, found guilty and his punishment assessed at forty-five years in the penitentiary. From this judgment he appeals.

At about nine o'clock or a little later on the night of February 28, 1927, the appellant and two associates, armed with revolvers and claiming to be "Government men" looking for whiskey and marked money, entered a restaurant or soft-drink parlor in Kansas City and pointing a revolver at the proprietor ordered him to "back up and take the booze out of the safe." He did as ordered and they took the money from him, ordered him to put up his hands and get behind the bar. As he did this they ran for a car which they had left standing at the door and as they ran shot several times at the proprietor. The amount of money taken by these men was $4,430. Mounting the car they drove rapidly down the street. An officer attempted to intercept them but they disregarded his attempt and the shot he fired at the car did not slacken their speed. Proceeding a short distance further the car ran into the abutment of a bridge, was wrecked, took fire or was set on fire and destroyed. Persons who were attracted to the scene testified that the men who had been ejected from the car by the collision were, when the witnesses came up, trying to destroy the car by burning it.

The appellant was arrested on the following night. One hundred dollars was found on his person and he told the officer who arrested him that he only got two hundred and forty dollars of the money. The proprietor of the restaurant and a spectator who was present at the time of the robbery, identified the appellant as one of the men who, with a revolver in his hand, participated in the robbery; and two witnesses who came upon the scene immediately after the car struck the abutment of the bridge identified the appellant as one of the men who was present when the car was wrecked and who with the others were attempting to burn it. A short time after the witnesses arrived upon the scene the three men left hurriedly. The proprietor of a garage who rented cars testified that at about seven-thirty o'clock on the night of the robbery he rented a car to the appellant, and at sometime after nine o'clock that night the appellant came to his place and reported that the car had been stolen.

The appellant testified that his name was Morris Kaplan; that he went by the name of Martin Wilson. He denied his participation

in the robbery and stated that he was elsewhere at the time of its commission; that he did rent a car that night to take some young ladies riding, and while he was waiting at a hotel for them the car was stolen from the place where he had parked it.

The appellant assigns as error that a witness, whose name was not indorsed on the indictment, was permitted to testify; that appellant was improperly and prejudicially cross-examined; that the prosecuting attorney made improper remarks in his argument to the jury; that an instruction on alibi should have been given, and that the evidence was insufficient to sustain the verdict.

I. The statutes (Secs. 3849, 3889, R. S. 1919) provide that other witnesses than those whose names are indorsed on the indictment or information may be sworn by the State. The appellant's objection in this regard is based upon the ground of surprise. To render this objection effective it was his duty to either file a motion to quash the indictment or demand that he be given a reasonable time within which to meet the testimony of the objectionable witness. He did neither, but contented himself with objecting to the admission of the testimony. His objection, therefore, is not entitled to consideration. [State v. Cook, 3 S. W. (2d) 365, 367 and cases cited and discussed therein.]

II. The contention is made that the appellant was improperly cross-examined as to matters not brought out in his examination in chief. There is no merit in this contention. It appears from the transcript of the testimony— not from the appellant's statement of the same— that the subject-matter of the cross-examination had been brought out by appellant's counsel in his examination in chief. The cross-examination was, therefore, authorized under the statute (Sec. 4036, R. S. 1919), which provides, among other things, that the defendant "shall be liable to cross-examination, as to any matter referred to in his examination in chief." Such cross-examination need not be limited to a mere categorical review of the matters testified to by him. [State v. Lemon, 263 S. W. (Mo.) 188; State v. Meyer, 293 Mo. 109, 115, 238 S. W. 458; State v. Miller, 156 Mo. 76, 56 S. W. 907.]

III. It is alleged that improper remarks were made to the jury by the prosecuting attorney. The transcript thus details the facts concerning the matter complained of:

Prosecuting Attorney:—"Now, gentlemen of the jury, you are not dealing with any first offender when you are dealing with this man. It isn't his first one—."

Counsel for Appellant:—"I object to the statement 'that the jury is not dealing with any first offender.' There is not a word of evidence that the defendant had ever been convicted of any crime up to this time. . . . It is prejudicial and inflammatory, and the defendant objects and moves the court to discharge the jury."

The Court:—"The motion is overruled as to the discharge of the jury. But there is no evidence that this man was ever convicted of a crime and the jury should disregard that statement."

Prosecuting Attorney:—"It wasn't my intention to mislead the jury by that statement. What I was going to say was, if this man had only committed a robbery, and gone wrong this one time, he would have had fifty witnesses to prove his good reputation."

This record does not disclose such misconduct on the part of the prosecuting attorney as to warrant a reversal. If the prosecuting attorney had been permitted to complete his statement, as set forth in his subsequent explanation, there would have been no occasion for an objection. Disregarding the explanation, the objectionable remarks were promptly excluded from consideration by the court and the jury was explicitly directed to disregard the same. This removed any reasonable probability of its prejudicial effect upon the jury. The Bill of Rights and our criminal statutes, while providing ample means for a fair trial of those accused of crime, were never, in the absence of prejudicial error, intended to provide loop holes whereby criminals may escape punishment. To sustain the contention of the appellant in this behalf would be to deny the discretion of the trial court and, in effect, to hold that his clear and unequivocal ruling was not understood by the jury. We therefore overrule the contention.

IV. The appellant contends that the court erred in failing to instruct the jury upon the defense of an alibi, there being, as alleged by the appellant, "substantial evidence on which to base such an instruction." This contention is based on the assumption—which is correct under a proper state of facts—that it is the duty of the court under the statute (Sec. 4025, R. S. 1919) to "instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict." We have held, however, that where an alibi is relied on it is a part of the defendant's affirmative defense, but that it is no part of the State's case, and unless the court is requested to instruct on the subject it cannot be convicted of error. [State v. Cardwell, 279 S. W. (Mo.) 99, 100 and cases cited.] Where, as at bar, therefore, the court instructed the jury upon all questions of law arising in the case, in the absence of a request, the court was not required to give an instruction on the theory that the appellant was not present

at the time of the commission of the alleged offense. The State proved by substantial evidence that the appellant was present and committed the crime charged. Under the instructions the jury could not have found him guilty without also finding that he was present at the time and place charged in the indictment. If, therefore, the appellant desired an instruction on the defense of an alibi he should have requested it. [State v. Hubbard, 295 S. W. (Mo.) 788, 790.] The defense, therefore, being in the nature of a collateral matter it became the duty of the appellant to ask an instruction thereon, and not having done so he will not be heard to complain. [State v. Sanders (Mo.), 4 S. W. (2d) l. c. 816.]

V. In view of the affirmative character of the testimony for the State showing the presence of the appellant at the time and the place where it is charged the crime was committed and his participation in the same, words need not be wasted in discussing the claim of an insufficiency of the evidence to sustain the verdict.

No prejudicial errors having been committed in the trial of this case the judgment is affirmed. All concur.