STATE v. ELMER CODY JOHNSON, Appellant.—No. 38670.—174 S. W. (2d) 139.

Division Two, October 4, 1943.

*Roy McKittrick,* Attorney General, and *L. I. Morris,* Assistant Attorney General, for respondent.

TIPTON, J.—The appellant, was convicted in the circuit court of Jasper County, Missouri, of the crimes of burglary and larceny, and his punishment was assessed by the jury at four years in the penitentiary. That is to say, he was given two years for the burglary and two years for the larceny.

He has not favored us with a brief, but in his motion for a new trial, he makes several assignments of error which we will now discuss.

He contends that the information is defective because it is sworn to by the assistant prosecuting attorney, Russell Mallett. The information starts with the [140] phrase that "H. Tiffin Teters, Prosecuting Attorney within and for the County of Jasper, in the State of Missouri, upon his oath . . .," however, the information is signed

by the assistant prosecuting attorney and is sworn to by him. We have ruled this contention against the appellant in the case of State v. Carey,.318 Mo. 813, 1 S. W. (2d) 143. To the same effect, see State v. Higgins, 16 Mo. App. .559 and State v. Hayes, 16 Mo. App. 560.

Moreover, in State v. Speyer, 182 Mo. 77, l. c. 87, 81 S. W. 430, we said: ''The information in this case was not verified as required by the statute, but no advantage of this failure to comply with the statute was taken by a motion to quash the information and hence the failure to verify is not open to review in this court.'' In this case, there was no such attack made on the information before the verdict and judgment; therefore, this question is not here for our review. State v. Brown, 181 Mo. 192, 79 S. W. 1111; State v. Majors, 237 S. W. 486.

■ The appellant contends there is no substantial evidence to sustain his conviction, and that his demurrer to the evidence should have been sustained. The evidence on behalf of the State tended to show that during the night of August 6, 1942, the Palace Clothing Store in Joplin, Missouri, operated by Joe and Max Goldstein, had been broken into and about sixty suits of clothes and fifty to seventy-five pairs of trousers were missing. The store had been entered through the rear window, the glass broken out, and the iron bars on the outside partially removed and the rear door broken open. The outside door of the safe had been blown open. A pile of clothing was on the top of the safe, and some clothes were near the door. Some of this clothing was burned and apparently used to muffle the sound of the explosion. Some of the clothing that was taken from this store that night was later found in the home of George Barton in McDonald County, Missouri. One of the missing coats had a laundry mark on it which was ''K. Johnson.'' There was testimony that the appellant was at the Barton home on the night of August 6, 1942, and he was also there during the morning of August 7, 1942. There were, also, one hundred and forty-six sticks of dynamite found at the Barton home.

The State testimony was to the effect that the fingerprints on the broken glass window in the rear of the Palace Clothing Store were the same as the fingerprints taken from the appellant.

The defense was an alibi.

Section 4440, R. S. Mo. 1939, declares: ''Every person who shall be convicted of breaking and entering any building, . . . in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal . . . shall, on conviction, be adjudged guilty of burglary in the second degree.''

Section 4448, R. S. Mo. 1939, reads:

''If any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and, on conviction of such

burglary and larceny, shall be punished by imprisonment in the penitentiary, in addition to the punishment hereinbefore prescribed for the burglary, not less than two nor exceeding five years.''

Under the facts outlined above, there can be no doubt that the evidence is sufficient to show burglary and larceny. We, also, think the evidence was sufficient for the jury to say the burglary and larceny were committed by the appellant. The fingerprints on the broken window glass were testified to as those of the appellant. The stolen clothes were found at the home of George Barton, and the evidence showed that the appellant was at that home the morning after the crime had been committed. The evidence, also showed the iron safe at the store was blown open and that dynamite sticks were found at the Barton home, a place where the appellant was frequently seen during the summer of 1942.

Evidently, the jury did not believe the appellant's defense of an alibi. The demurrers were properly overruled.

The appellant contends it was error to admit testimony of the clothing and sticks of dynamite found in the Barton home. It is to be recalled that the clothing found at the Barton home was identified as the property of the Palace Clothing Store, and that the appellant was a frequent visitor at that home; in fact, that he was here the night of the burglary and there the next morning. Under these circumstances, we think there was no error in reference to the clothing found at the Barton home, as it tended to connect the appellant with the burglary of that store. [141] State v. Richetti, 342 Mo. 1015, 119 S. W. (2d) 330; State v. Pease, 133 S. W. (2d) 409; State v. Barr, 340 Mo. 738, 102 S. W. (2d) 629; State v. Martin, 349 Mo. 639, 162 S. W. (2d) 847. Nor do we think it error to admit the fact that dynamite was found at the Barton home. In view of the fact that the door of the iron safe in the Palace Clothing Store was blown open, such evidence tended to connect the appellant with the crime.

The appellant contends the court should have given his instruction which told the jury they should disregard the testimony in reference to finding the clothing and dynamite at the Barton home. We have already ruled such testimony was admissible and it follows that the instruction was properly refused.

The appellant, also, contends that exhibit ''H'' was not properly identified and should not have been admitted in evidence. Exhibit ''H'' is a picture of the fingerprints taken at the Palace Clothing Store the morning after the burglary was committed. Roy Isgrigg and Vic Fetty are members of the Joplin police force, and on August 7, 1942, they went to this store and both took fingerprints. Isgrigg ''lifted'' the fingerprints from a show case, while Fetty ''lifted'' fingerprints from the broken window glass and the safe. They were at the store together and both returned the fingerprints to Mrs. Emma Tonnies, Clerk of the Police Department. She, in turn, gave pictures of these fingerprints to Roy F. Dix, a State Highway Patrolman, who

took them to Jefferson City and turned them over to Claude F. Arnold, who was a fingerprint man in the Identification Bureau of the Highway Patrol. We do not understand that the appellant contends that the custody of this exhibit was not properly accounted for, but his contention is that neither Isgrigg nor Fetty would swear positively that he was the person who "lifted" the fingerprints shown by Exhibit "H." Both of these police officers were at the store at the same time. Each "lifted" fingerprints and they went together to the police headquarters and gave them to the Police Clerk. Under these circumstances, we think the exhibit in question was properly identified even if these police officers could not swear which one of them "lifted" the fingerprints shown in Exhibit "H." It necessarily follows that one or the other "lifted" the particular fingerprint. Since they were together when the fingerprints were taken and as both took fingerprints, we think it is immaterial which one took the particular fingerprint shown by Exhibit "H."

Appellant complains of the assistant prosecuting attorney's argument to the jury. In the closing argument, Mr. Roberts said: "It will be the grossest miscarriage of justice that has happened in Jasper County. It will be an open invitation to men who have admitted they have been in the penitentiary." Appellant contends that when he was in trouble before, he was only sixteen, and under the Juvenile Court Act, and such evidence under that Act cannot be used against him. Among other things, Section 9673, R. S. Mo. 1939, provides: "Any disposition of any delinquent child under this article, or any evidence given in such cases shall not in any civil, criminal or other cause or proceeding whatever in any court be lawful or proper evidence against such child for any purpose whatever, . . . ."

But under the record before us, it is evident that the appellant had not been declared a delinquent child, and, therefore, this section does not apply. Appellant did say on cross-examination that at that time he was only sixteen, but did admit when he was booked in the county jail on December 10, 1942, he was booked as twenty-six years of age, which would make him nineteen at the time in question. He states that the officers took his age from his commitment papers.

We think that since he admitted he had been discharged from the penitentiary at Jefferson City, the only reasonable inference is that he was not sixteen at that time, but was nineteen, and he had not been found to be a delinquent child under the Juvenile Act.

"If a child is proceeded against as a delinquent, the final judgment of the juvenile court, if against the child, can only be a judgment declaring it to be delinquent. It is immaterial whether the misconduct charged against the child, by the information, consists of violations of the criminal statutes or of conduct, though not violations of the law, which nevertheless renders the child incorrigible, vicious, or

immoral. In either case the judgment must be that the child is a delinquent. The juvenile court then has the authority to place the minor on probation or in some institution other than the penitentiary.'' [142] State ex rel. v. Trimble, 333 Mo. 888, 63 S. W. (2d) 37, l. c. 38.

See, also, Ex parte Bass, 328 Mo. 195, 40 S. W. (2d) 457, which holds that under the Juvenile Court Act a delinquent child cannot be committed to the penitentiary. Since the evidence shows the appellant had previously served a term in the penitentiary, there was no error for the assistant prosecuting attorney to refer to that fact.

■ Again, the assistant prosecuting attorney said in his argument to the jury, ''You know this defendant got on the stand and lied to you gentlemen.'' The court rebuked the attorney for making this statement, but we think it is a fair comment on the evidence.

Again, the assistant prosecuting attorney said, ''Let's see if he had any chivalry in his soul. If he said that for the protection of Norma Jean, and not to save his own rotten hide.'' A similar argument was made in the case of State v. Londe, 345 Mo. 185, 132 S. W. (2d) 501. We held such argument not reversible error.

The other assignments in appellant's motion for a new trial are too general to preserve anything for our review.

Finding no reversible error in the record, the judgment of the trial court should be affirmed. It is so ordered. All concur.