254 S.W.2d 640 (1953)
STATE
v.
KAUFMAN et al.
No. 43081.
Supreme Court of Missouri, Division No. 1.
February 9, 1953.
*641 Ellis G. Cook and Raymond Eckles, Maryville, for appellants.
J. E. Taylor, Atty. Gen., John R. Baty, Asst. Atty. Gen., for respondent.
HYDE, Presiding Judge.
Defendants were found guilty of grand larceny and each sentenced to two years in the penitentiary. Only one question has been presented by defendants in their motions for new trial and in their brief, namely: that the Court erroneously permitted the State to cross-examine defendants on matters not testified to in chief.
The State's evidence showed that corn was stolen from the crib of Johnny Jones during the night of January 28, 1951. This was discovered by Jones early the next morning; and going upon the public road, he found several ears of corn along the right side of the road between his crib and the Kaufman farm. He saw a pickup truck loaded with corn on the Kaufman place and called the sheriff's office. About three hours later, a deputy sheriff went with Jones and another man, Taylor, and found that the truck had been unloaded. Defendant Kaufman was questioned and finally admitted to them that he had taken the corn and he and defendant McElroy, who had been with him that night, were taken to the prosecuting attorney's office by the deputy sheriff. They both signed statements there admitting they took the corn. It was shown that Kaufman dictated his statement to the secretary of the prosecuting attorney in the presence of McElroy, and that McElroy agreed it was correct. The prosecuting attorney's secretary testified at the trial as to what their statements to her were, using her shorthand notes.
Both defendants took the stand and each was asked on direct examination if he went with the codefendant to the Jones' crib on the night designated and took corn out of it. Each said that he did not. On crossexamination each was asked to identify his signature on the signed statements and each did so. Each was further cross-examined about making a statement and about its contents; but the statements were not offered in evidence. It is this crossexamination, and the use of the statements in connection with it, that defendants claim was improper.
Section 546.260, RSMo 1949, V. A.M.S., makes a defendant in a criminal case a competent witness and provides that one testifying "shall be liable to cross-examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case". It is well settled that a defendant who testifies may be impeached by proof of prior inconsistent statements. State v. West, 95 Mo. 139, 8 S.W. 354; State v. Kennade, 121 Mo. 405, 26 S.W. 347; State v. Clough, 327 Mo. 700, 38 S.W.2d 36; State v. Perkins, 342 Mo. 560, 116 S.W.2d 80; State v. Woods, 346 Mo. 538, 142 S.W. 2d 87; State v. Christian, Mo.Sup., 245 S. W.2d 895. Moreover, the statute "does not mean that a defendant can take the stand and in answer to one or two well-prepared interrogatories sweep away the whole structure of the state's case, and then remain immune from a cross-examination on the issue thus tendered." When "The questions put to him involved practically the whole issue tendered by the indictment, * * * he cannot be heard to complain that the state proceeded to cross-examine him on these matters. * * * Cross-examination, as used in the statute, does not mean a mere categorical review of the matters stated by defendant." State v. Miller, 190 Mo. 449, loc. cit. 463, 89 S.W. 377, 381; State v. Myers, 221 Mo. 598, loc. cit. 613, 121 S.W. 131. Furthermore, as said in State v. Ayres, 314 Mo. 574, 285 S.W. 997, 998, in admitting a prior statement about a matter inconsistent with defendant's testimony in chief: "The `matter referred to in his examination in chief' means the things he testifies about. * * * If the defendant *642 in chief in a general way refers to a subject, he may be examined in detail as to that subject. Where he states a fact in relation to his actions, the prosecutor may inquire as to particular circumstances which would throw light on that fact." So, in this case, defendants' sweeping denial of the theft was a statement of fact in such a general way as to open for cross-examination in detail the whole subject of whether or not they committed it; and made their prior inconsistent statements that they did so admissible for their impeachment.
However, defendants claim that the State agreed not to use these signed statements and then "broke faith with the defendants" in doing so. At the beginning of the trial, when defendants' counsel was objecting to the use of these statements (apparently on the ground that they were coerced) it was stated on behalf of the State, as follows: "We are just telling the court I am not going to take it up in the opening statement now, your honor, but I am not going to say I am not going to introduce those statements in evidence,that the State is not going to introduce those statements during the trial of the law suit. * * * I make the statement again for the State, that since Mr. Cook has raised this and if he has some objection to these statements, that we will use the actual shorthand notes that were taken and that we do not intend to say that they signed these statements, if he objects to them, in the opening statement or to say it in the trial but the State does not want to make a binding statement here that under all conditions here they will not use these statements. * * * I don't want the court to get the impression that I was saying under no conditions was I not going to introduce the statements." Defendants' counsel then said: "I understand, if the court please, that in their case in chief, unless I throw the bars downthat makes it admissible, they are not going to use them in their case in chief." Thus the record does not show any agreement concerning the use of the statements in connection with defendants' cross-examination, in case they decided to testify. Furthermore, defendants' objections during their cross-examination were all on the ground of going beyond the scope of their testimony in chief. Moreover, the secretary of the prosecuting attorney did testify, without objection, as to the facts stated by defendants which were taken by her in shorthand (from which the statements were written), and which were substantially the same as the contents of the written statements. Defendants made no denial of her testimony and offered no explanation of the circumstances under which the statements were made, after they were cross-examined about them. From our consideration of the whole record, we hold that the use made of the statements was proper to impeach defendants, after their testimony in chief denying that they committed the theft.
The judgment is affirmed.
All concur.