**STATE of Missouri (Plaintiff), Respondent,**

**v.**

**Ted BROOKS (Defendant), Appellant.**

No. 29648.

St. Louis Court of Appeals.

Missouri.

Feb. 5, 1957.

Rehearing Denied March 5, 1957.

Robert A. McIlrath, Flat River, for appellant.

Charles W. Medley, Prosecuting Atty., St. Francois County, Farmington, for respondent.

MATTHES, Judge.

The defendant was found guilty of common assault, and his punishment fixed at a fine of $100 and thirty days in jail. He has appealed to this court.

The charge by information grew out of events which occurred on the night of August 31, 1955, in the City of Bonne Terre, St. Francois County, Missouri. On the day of, and preliminary to, the trial, defendant filed his motion to dismiss the information on the ground of former jeopardy. In connection with the motion the Prosecuting Attorney and counsel for defendant stipulated that an information had been filed against the defendant in the Magistrate Court of St. Francois County, Missouri, charging the defendant with peace disturbance on August 31, 1955, by "then and there wilfully and unlawfully (by) causing a disturbance upon the streets of the City of Bonne Terre, Missouri by then and there making loud and unusual noises by offensive and indecent conversation by quarreling, threatening, challenging and by fighting", etc. The peace disturbance charge was tried before the Judge of the Magistrate Court of St. Francois

County without a jury, and resulted in the defendant being acquitted. The Prosecuting Attorney and defendant's counsel further stipulated that the common assault charge grew out of the same episode or transaction which was the basis for the peace disturbance charge. Julian Bray was the acting night marshal of Bonne Terre, Missouri, on the night in question, and was the prosecuting witness in this case. He admitted having testified in the case tried in the Magistrate Court to substantially the same facts related by him in the instant case. It was upon this showing that defendant insisted that a trial for common assault would place him twice in jeopardy for the same offense of which he was formerly acquitted. Defendant kept the question alive throughout the trial, in his motion for new trial, and has briefed and presented the point in this court. In order to properly dispose of the contention, a further review of the fact is necessary.

At about 10:30 o'clock on the night of August 31, 1955, Mr. Bray was on duty, attired in "full uniform", and wearing his badge. He observed defendant driving his automobile "around the block" on several of the streets in Bonne Terre. The officer stopped the defendant, and "I tried to tell him that he had a bad muffler". Thereupon defendant cursed the officer, who directed the defendant to make a left turn and stop in front of the police car. According to Bray, defendant disregarded the command and turned his automobile to the right. This caused the officer to make a "grab at him * * * to issue a summons to him". At this stage of the affair defendant jumped out of his car, grabbed Bray with both hands, and then in the words of the officer, "a fight started. He got me down, I was on the ground and he was beating on me * * * with his fist". Not only did the defendant strike the officer while he was lying on the ground, but he also took the officer's revolver away from him. "He held this pistol on me and made me get up out of the street and set on the steps at the Rice Shirt Factory. There he struck me several times again in the face while I was sitting there and holding the pistol on me all the time and threatening to kill me." Finally defendant removed the cartridges from the revolver, handed it back to Bray, and got in his car and left.

Defendant's version was that Bray stopped him as he was proceeding westwardly on one of the streets in Bonne Terre, informed defendant that he had a loud muffler on the car, and after requesting defendant to pull over to the curb, the officer made an unprovoked assault upon defendant by striking him upon the left side of his jaw. Defendant got out of his car, whereupon Bray took a "swing at me again". Thereupon Bray pulled his gun and the defendant proceeded to take it away from him. According to defendant, he told Bray "to go over and sit on the corner by the shirt factory there and asked him what he meant by picking on me, and I took the shells out of the gun and then he started begging to me."

It was shown by other witnesses that there were approximately six young men, companions of defendant, present during the affray.

The defendant contends that since the peace disturbance and the common assault charges grew out of the same set of facts and events, he has been again put in jeopardy for the same offense of which he was formerly acquitted. It is a well-established and ancient principle that an individual may not be twice placed in jeopardy for the same crime. This is prohibited by our Constitution, Article I, Section 19, V.A.M.S., as well as the common law. State v. Moore, 326 Mo. 1199, 33 S.W.2d 905, 906. This prohibition against a second jeopardy means not only that one may not be tried twice for the identical act or crime, but that the State cannot split up a single crime and prosecute it in parts or piecemeal. In other words a prosecution for any part of a single crime bars further prosecution

based upon the whole or any part of the same offense. State v. Toombs, 326 Mo. 981, 34 S.W.2d 61; State v. Clark, 220 Mo. App. 1308, 289 S.W. 963; State v. Moore, supra, 33 S.W.2d 905, loc. cit. 906.

■ But peace disturbance and common assault are separate and distinct offenses. Sections 562.240 and 559.220 RSMo 1949, V.A.M.S. One does not necessarily emanate from the other. As far as the instant case is concerned, even though both prosecutions of defendant grew out of the same transaction, the record presented to us does not disclose that the State is attempting to prosecute the defendant in piecemeal for a *single crime,* for it appears that in the Magistrate Court the defendant was tried, not for disturbing the peace of Julian Bray, the individual, but for *"causing a disturbance upon the streets of Bonne Terre, Missouri"*. The statute contemplates one may be guilty of disturbing the peace of any individual, or a family, or a neighborhood. Section 562.-240, supra. While it is true that "fighting", an element of the present case, was included in the peace disturbance charge, and evidence of peace disturbance may have been admissible in the instant case as part of the res gestae, nevertheless the proof essential to a conviction of common assault would not necessarily convict the defendant of "causing a disturbance upon the streets of Bonne Terre, Missouri". Therefore the two offenses were not merged into one although they grew out of the same transaction. State v. Chernick, Mo.Sup., 278 S.W.2d 741. Our Supreme Court has steadfastly refused to recognize the "same transaction rule", which is the basis for defendant's argument that he has twice been put in jeopardy for the same offense, and has preferred to follow the separate or several offense doctrine, meaning "that an offender is not to be exonerated from responsibility for his acts because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion", State v. Moore, supra, 33 S.W.2d 905, loc. cit. 907. See, also, State v. Chernick, supra;

State v. Bobbitt, 228 Mo. 252, 128 S.W. 953; State v. Temple, 194 Mo. 228, 92 S.W. 494; State v. Martin, 76 Mo. 337. It follows from what has been said that the plea of double jeopardy cannot be sustained.

■ The point is also made that the court erroneously permitted the State to cross-examine defendant on a matter not testified to in chief. On direct examination defendant denied that he had been driving around the block with a "bad muffler", and insisted that when Bray stopped him he was en route to a junk yard in the city where he intended to pay a bill. He also stated that he had come from his girl friend's home just prior to the incident in question. On cross-examination the Prosecuting Attorney elicited from the defendant, testimony that he "was up there in Bonne Terre with a gang of boys". It is of this cross-examination that the defendant complains. While it is true that the defendant gave no testimony on direct examination with reference to a "gang of boys", we have the opinion that under the circumstances the cross-examination was proper. The defendant saw fit to open the subject as to his purpose in being upon the street where he was stopped by the officer. Having done so, the State had the right to go into the matter on cross-examination. "It must be borne in mind that the prosecuting attorney was not limited to a categorical review of the questions asked by appellant's counsel, but was at liberty to cross-examine with reference to any subject upon which the witness [defendant] being cross-examined gave testimony." State v. Gilmore, 336 Mo. 784, 787, 788, 81 S.W.2d 431, 432; See, also, State v. Wilson, 321 Mo. 564, 12 S.W.2d 445, 446; State v. Dees, Mo.Sup., 276 S.W.2d 201, 207; State v. Kaufman, Mo.Sup., 254 S. W.2d 640, 641, 642.

■ For his final point defendant contends that error resulted from statements made by the Prosecuting Attorney in arguing the case to the jury. In his closing argument the prosecutor stated: "I say

when you get three or four or five boys together who have all had trouble with the police before and convicted of crimes and they all come in here and tell you the same story, ladies and gentlemen, and they are all hanging around together at night so they can be witnesses for one another or for whatever reason they were hanging together \* \* \* ". It is urged that there was no evidence to support this argument, and that "it was vicious". We observe that counsel for defendant interrupted the Prosecuting Attorney before he had concluded the statement. By reason thereof it is apparent that the statement, standing as it does, is without meaning. In this situation it is difficult to conceive how it could have had any prejudicial effect upon the jury. Even though the statement be considered in light of defendant's attack thereon, we are not persuaded to hold it erroneous. The remark that all of the boys "had trouble with the police before and convicted of crimes", was without factual support because the evidence disclosed that only two of the boys had prior encounters with officers of the law. While the argument was improper, we do not believe it was prejudicial. In State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, loc. cit. 588, our Supreme Court reiterated this principle of law:

"Whether or not a particular improper argument is so prejudicial under the facts in the particular case, as to necessitate a reprimand of counsel or a discharge of the jury, is largely within the discretion of the trial court. An appellate court will not interfere unless the record shows that the trial court abused its discretion to the prejudice of the appellant."

The same principle has been consistently recognized in this jurisdiction. State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920; State v. Nichols, 327 Mo. 1237, 39 S.W.2d 777; State v. Brock, Mo.Sup., 273 S.W.2d 166. Nothing appears to warrant us in holding that the trial court abused its discretion in failing to discharge the jury as requested by defendant.

■ The prosecutor in his argument also stated: "There is at stake here a question of whether or not a little gang of hoodlums can try to run a city like Bonne Terre." The assertion is made that this argument was not supported by evidence and was prejudicial. The record discloses that the court promptly sustained counsel's objection and admonished the jury to disregard the argument. Aside from this action by the court, we entertain grave doubts as to whether the argument was improper. Obviously it was designed to enlist the jury's aid in enforcing the law. This the Prosecuting Attorney had a legitimate right to do. State v. Leonard, Mo.Sup., 182 S. W.2d 548, 551; State v. Londe, 345 Mo. 185, 132 S.W.2d 501, 507.

■ Finally defendant complains of this statement made by the Prosecuting Attorney: "I think that Mr. Bray's demeanor was as fine as any witness who ever testified." Notwithstanding the fact that the trial court promptly sustained the objection to the statement, defendant still insists his rights were prejudiced by reason of the argument. We find no merit in this contention. A prosecuting attorney has the right to comment on the evidence and the credibility of the witnesses from the State's standpoint, and whether such comments are prejudicial in any instance rests largely within the sound discretion of the trial court. State v. Rosenberry, Mo.App., 283 S.W.2d 652, 658; State v. Johnson, 351 Mo. 785, 174 S.W.2d 139, 142; State v. Reppley, 278 Mo. 333, 213 S.W. 477, 480.

Finding no reversible error, the judgment should be affirmed. It is so ordered.

ANDERSON, P. J., concurs.

CLEMENS, Special Judge, dissents.

CLEMENS, Special Judge (dissenting).

I respectfully dissent, because of that part of the opinion which holds that the

**516**

peace disturbance and the assault here involved were separate and distinct offenses and that therefore double jeopardy did not arise. My reason:

In the Magistrate Court the defendant was charged with and acquitted of creating a disturbance by making loud and unusual noises, etc., "and by fighting." That meant fighting with Officer Bray. Fighting implies an assault. So considered, the initial charge was one of assaulting Officer Bray and thereby disturbing the peace. Therefore, I believe that the assault and the resultant peace disturbance merged, and were not separate and distinct offenses, and that it constituted double jeopardy thereafter to charge defendant with the assault upon Officer Bray.

I believe that State v. Chernick, supra, is distinguishable. There, during the course of a bank robbery, the robber was surprised by the entrance of a policeman, whom he then shot and wounded. The Supreme Court ruled that the robbery and the assault were separate and distinct offenses, even though they arose out of the same transaction. There, the assault upon the policeman was not an integral part of the robbery, but merely an incident thereof. Here, it was the fighting with and assault upon Officer Bray that produced the peace disturbance. The offense of breach of the peace is, of course, not composed alone of the element of disturbance, but arises from the commission of an act which produces that result. City of St. Louis v. Slupsky, 254 Mo. 309, 162 S.W. 155, 49 L.R.A.,N.S., 919. I therefore believe that the assault upon Officer Bray was an integral part of the peace disturbance charged, and hence not a separate and distinct offense.

Rehearing denied.

ANDERSON and MATTHES, JJ., concur.

CLEMENS, Special Judge, not voting.