STATE of Missouri, Respondent,

v.

Charles William AYERS, Jr., Appellant.

No. 45409.

Supreme Court of Missouri,
Division No. 2.

Oct. 14, 1957.

John M. Dalton, Atty. Gen., James Millan and John M. McIlroy, Sp. Asst. Attys. Gen., for respondent.

BOHLING, Commissioner.

Charles W. Ayers, Jr., appellant, and Kenneth Hood were jointly indicted for an assault with malice aforethought upon Robert Holcomb. Section 559.180. (Statutory references are to RSMo 1949 and V.A. M.S.) A severance was granted Kenneth Hood. Appellant was found guilty of the offense charged and sentenced to eighteen years' imprisonment in accord with the verdict of the jury. He contends on this appeal that the court erred in overruling his motion for judgment of acquittal, in refusing his instruction on common assault, and in overruling an objection to the argument of the State's attorney.

Robert Holcomb, a motorcycle officer, stopped a 1955 Chevrolet automobile which had run a stop sign on 13th Street in Kansas City, Jackson County, Missouri, about 4:35 p. m. July 8, 1955. He stopped his motorcycle behind the car and walked toward the driver's door, intending to warn the driver. Just before he reached the door, the driver, appellant, got out, "stuck a .45 in my stomach" and said: "Don't you move, you copper s—of-a-b—, I will kill you." The officer grabbed hold of the gun and the two wrestled or fought "for a few minutes." The officer was about to get the best of appellant, and appellant called to Hood, who had remained in the Chevrolet, for help. Hood thereupon came to appellant's aid and the two overpowered the officer, appellant striking the officer several times about the head with the .45 and Hood taking the officer's .38. The two men then dragged the officer back to the car and threw him in the back seat. Appellant got in the back seat and the officer started

fighting for the gun. Appellant jerked back, fired a shot, and struck the officer three or four more blows on the head with the .45, saying: "You s—of-a-b—, you will be good now." Appellant tore the officer's badge from his shirt, took $6.00 from him, and made him lie face down on the floor of the car.

Hood drove the Chevrolet away. Appellant and Hood exchanged pistols. Being unable to tie the officer's hands with his belt, they decided to place him in the trunk of the car. They stopped the car and appellant told the officer: "When I tell you to get out and get in the trunk get out and don't look at us, I·don't want you picking my mug out." They stopped the car after about 15 minutes and, with appellant covering him with the .38, the officer followed appellant's instructions, got out, looked at the ground, and jumped into the trunk. They pulled the back seat of the car out about an inch or two at the officer's request so that he could breathe. After driving around for several minutes, they stopped and told the officer they were leaving.

Hearing another car drive away, the officer kicked out the back seat of the Chevrolet and freed himself. The Chevrolet had been stopped on a dead end street at Third and Paseo.

The officer received several deep cuts on his head and was in a state of shock. His face, arms, body and clothing down to his waist were bloody. He was taken to Menorah Hospital and twelve stitches were taken in sewing the cuts.

Several persons witnessed the occurrence and corroborated the officer's testimony. Appellant threatened some of these witnesses with his .45.

Appellant was arrested in St. Louis on July 29, 1955, by officers Bernard Durnin and John Harmon of the St. Louis Police Department. The officer's revolver was taken from appellant's waistband at the

time of his arrest, and he stated: "If you would give me a halfway chance you wouldn't have taken it."

The appellant offered no evidence in his behalf.

Section 559.180 provides: "Every person who shall, on purpose and of malice aforethought, * * * assault or beat another with a deadly weapon * * * with intent to kill, maim, ravish or rob such person, or in an attempt to commit any burglary or other felony * * *" shall be punished by imprisonment not less than two years.

██ Appellant ran a stop sign. Whether he knew this or not, he, without waiting to ascertain the reason for the officer's stopping his automobile, assaulted the officer with a deadly weapon with the declared intent to kill if the officer did not yield to his unlawful demand. (This has been considered sufficient to sustain a conviction under section 559.180. State v. Jordan, 285 Mo. 62, 225 S.W. 905, 907 [4]; State v. Painter, 67 Mo. 84, 86.) This assault was unprovoked, was deliberate, and resulted in serious bodily harm to the officer. The following stands approved: "The term malice, as used in these instructions, does not mean spite or ill will, but the intentional doing of a wrongful act without just cause or excuse. 'Aforethought' means thought of beforehand, for any length of time, however short." State v. Finnell, Mo., 280 S.W.2d 110, 113 [5, 6]. The law presumes malice as a concomitant of an assault with a deadly weapon in the absence, as in the instant case, of countervailing testimony or circumstances. State v. Musick, 101 Mo. 260, 270(I), 14 S.W. 212, 214(1); State v. Wansong, 271 Mo. 50, 56(I), 195 S.W. 999, 1001 [1]; State v. Lamb, Mo., 278 S.W. 1009, 1012 [3]. Appellant's motion for judgment of acquittal was properly overruled.

██ Appellant directs our attention to no evidence justifying the giving of his instruction on common assault (section 559.-

220). He offered no evidence in his behalf. Under the given instructions the jury could find appellant guilty of a felonious assault with (section 559.180) or without (section 559.190) malice, or could acquit appellant. The court properly refused appellant's instruction because there was no evidence to support it. State v. Brown, Mo., 245 S.W.2d 866 [3–7] and cases cited; State v. Null, 355 Mo. 1034, 199 S.W.2d 639 [8]; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660 [1, 2]; State v. Musick, 101 Mo. 260, 270(II), 14 S.W. 212, 214(2); State v. Schloss, 93 Mo. 361, 365(3), 6 S.W. 244, 245(3).

■ Appellant also complains of the court overruling his objection to the State's attorney's statement in argument that, under the evidence, he considered appellant and his companion "desperadoes" and "hoodlums." We have hereinbefore set forth the evidence and consider the remark to be a reasonable deduction and legitimate comment upon the evidence; that is, a justifiable inference or conclusion drawn from the evidence and not an epithet hurled at appellant. State v. Armstead, Mo., 283 S.W.2d 577 [14, 15]; State v. Eison, Mo., 271 S.W.2d 571 [5]; State v. Murphy, 324 Mo. 183, 23 S.W.2d 136 [5]; State v. Richmond, 321 Mo. 662, 12 S.W.2d 34 [7]; State v. Peak, 292 Mo. 249, 237 S.W. 466 [9]; State v. Johnson, 351 Mo. 785, 174 S.W.2d 139 [8].

Our examination of matters mentioned in Sup.Ct.Rule 28.08, 42 V.A.M.S., formerly matters of record proper, discloses no error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.