THE STATE v. BERNING, *Appellant.*

1. Criminal Law : EVIDENCE. The evidence in this case examined and held to be abundantly sufficient to sustain the verdict.

2. ———— : PRACTICE : VERDICT. In a prosecution for an assault with intent to kill, under section 1262, Revised Statutes, where instructions are given upon the theory that the assault was made with malice aforethought, and also upon the theory that it was made without malice aforethought, a verdict of "guilty of assault with intent to kill" sufficiently describes the offence of which defendant is found guilty.

3. ———— : ———— : ———— : STATUTE. Section 1927, of the Revised Statutes, has no application to assaults with intent to kill, with malice

———

*These syllabi are taken from 16 Mo. App. 334.

The State v. Berning.

aforethought, and without malice aforethought; they are not designated as different degrees of an offence, and the verdict need not specify the offence of which defendant is convicted.

4. ———— : ————- : CROSS-EXAMINATION OF DEFENDANT. The cross-examination of defendant in this case held to be within the bounds of the matters testified to by him in chief, and not in violation of section 1918, Revised Statutes.

5. ———— : ———— : ———— : EXCEPTIONS. Where objections are not made, nor exceptions saved, to the cross-examination of a defendant in a criminal case, the Supreme Court will not review the point.

## Appeal from St. Louis Court of Appeals.

AFFIRMED.

### C. C. Simmons for appellant.

(1) Error was committed in permitting the cross-examination of defendant as to matters not testified to by him in his examination in chief. It is not only the right, but the duty, of the jury to carefully examine. and weigh the evidence which the court permits to come before them, and it must be expected that they will do so ; and, if there is error in the submitting of evidence, the presumption is that there will be error in the verdict. State v. Porter. 75 Mo. 171 ; State v. McGraw, 74 Mo. 573 ; State v. Turner, 76 Mo. 337 ; State v. McLaughlin, 76 Mo. 320 ; State v. Douglass, 81 Mo. 231 ; State v. Patterson, 88 Mo. 88. (2) The verdict in this case is uncertain and insufficient. Under the instructions the jury, if they convicted the defendant, should have stated in their verdict whether or not he was guilty as charged in the indictment, or only of the lesser offence, as defined by section 1263, of the Revised. Statutes. We contend that, under the new sections, 1654 and 1655, there should be an express finding as to the offence, as charged, before there can be any lawful conviction of a lesser grade or degree of the same offence. As the verdict now stands no one knows whether the defendant

was convicted as charged in the indictment, or of the lesser offence, under the instruction given by the court, in accordance with section 1655.  R. S., sec. 1927; *State v. Mattressy*, 47 Mo. 298.

*B. G. Boone*, Attorney General, for the state.

The record discloses no error justifying a reversal.

BLACK, J.—The defendant was indicted and convicted of an assault with intent to kill Joseph Klatt.  The indictment is based upon section 1262, Revised Statutes. Instructions were given on the theory that the assault was made with malice aforethought, and also on the theory of the subsequent section, that the assault was without malice aforethought.

1.    The contention that the verdict is against the evidence, cannot be sustained.  That defendant cut Klatt, who was a buggy washer at Mayer & Strattman's stables, with a knife, inflicting an ugly and dangerous wound, is not denied.  The defence is, that Klatt attacked defendant with a horse-shoe.  The right of the defendant to protect himself, by way of self-defence, was fairly submitted to the jury.  It is quite evident the jury did not believe the defendant's version of the difficulty.  There is abundant evidence to sustain the verdict.

2.    It is next urged that the verdict is insufficient, in that it does not show of what grade of the offence defendant was convicted.  The verdict is: "We, the jury, find the defendant guilty of assault with intent to kill, and assess the punishment at two years in the state penitentiary."  It is to be observed the verdict does not simply say the defendant is guilty as charged, but it describes the offence of which he is found guilty.  It is thus clear that the jury intended, by their verdict, and do show, that he was found guilty of an assault with intent to kill, but not with malice aforethought.

Read in the light of the instructions, this is its evident meaning. But section 1927, Revised Statutes, has no application here. The verdict, by force of that section, must specify the degree of the offence, only where the statute in terms divides an offence into degrees, and the defendant is found guilty of a degree inferior to that charged. An assault with intent to kill, with malice aforethought, and without malice aforethought, are not designated as different degrees of an offence, and the verdict need not specify the offence of which defendant is convicted. *State v. Burk*, 89 Mo. 635; *State v. Robb*, 90 Mo. 30.

3. Finally, it is insisted that the court erred in requiring defendant, when a witness in his own favor, to answer certain questions on the cross-examination. The evidence for the state tends to show that defendant hired and paid for a horse and buggy to be returned at 9 o'clock, P. M., of the same day; that the horse and buggy were not returned until twelve o'clock that night, when one of the proprietors of the stable demanded additional pay, and out of this the controversy arose. The defendant testified in chief that he hired and paid for the use of the horse and buggy until eleven o'clock, and that he returned them to the stable at twenty minutes past eleven. He also testified: "I took the girl in the buggy at her house, drove out to the western part of the city, came back and left the girl at her house, took up my brother, and drove right down to the stable." In answer to questions propounded by the circuit attorney, and to which the objections were made, he stated that he did visit two saloons that night before returning the buggy. We do not see for what purpose the defendant detailed where he had been during the evening ride, unless it was to give support to his statements as to how long he was out, and when he returned to the stable. If offered for this purpose, and we cannot see for what other purpose the evidence could have been offered, then

it was certainly competent to show that he stopped at other places. The cross-examination was within the bounds of the matters testified to in chief, and we see no violation of section 1918, Revised Statutes. Complaint is made of some other evidence elicited from the defendant on cross-examination, but it does not appear that objections were made, or any exceptions saved, and for these reasons we cannot notice the complaint.

Judgment affirmed. All concur.