THE STATE v. DEWEY GILMORE, Appellant.—81 S. W. (2d) 431.

Division Two, March 30, 1935.

*Fred Stewart* and *L. L. Collins* for appellant.

*Roy McKittrick*, Attorney General, and *John W. Hoffman, Jr.*, Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of Greene County, Missouri, of the crime of robbery with a dangerous and deadly weapon. The punishment assessed was ten years' imprisonment in the penitentiary. Appellant filed a motion for a new trial, which was overruled by the court and thereafter appellant was sentenced. From this judgment he appealed.

The sufficiency of the evidence to sustain the verdict of the jury was not questioned. A short statement of the case will, therefore, suffice. On the night of May 21, 1933, three men entered a filling station, which was being operated by one Jack Walker, adjoining Highway No. 66, about ten miles west of Springfield, Missouri. At the point of a shotgun one of the men ordered Walker and his wife to sit upon chairs. He kept them under guard while the other two men took two slot machines and loaded them into a car. The State also introduced evidence that a cigar box, containing about $37 in change, was taken from a back room in the station. Appellant was positively identified as one of the men who committed this robbery. Later the slot machines were found in the garage of appellant's mother-in-law. Appellant explained that three men came to the home of his mother-in-law on the night of the robbery while he was there and asked permission to store the machines in the garage, which

request he granted. Appellant denied having taken any part in the robbery and offered evidence of an alibi.

Appellant's first complaint in his motion for new trial was that the trial court erred in not sustaining appellant's motion to suppress the panel of jurors selected to try the case. The evidence in support of this motion shows the following: A panel of twelve jurors had been selected. About the time they were to be sworn to try the case it was discovered that appellant was not present. Appellant had given bond to appear for trial. The jurors were admonished not to talk about the case and were permitted to separate, subject to the call of the court. Some of the jurors were permitted to sit as jurymen in another case. Two days later appellant was apprehended and the twelve jurors, previously selected, were sworn and the case proceeded to trial. Evidence was heard on the motion to suppress the panel prior to the trial. Appellant's only explanation of his absence was, that as the jury was being selected the prosecuting attorney and the prospective jurors appeared to be mad at him; that a number of his witnesses were absent, whereupon he became frightened and left the courtroom. The evidence offered on the motion does not reveal any good reason why the panel should have been suppressed. The fact that appellant left the courtroom could have been proven by evidence in a trial before any other jury that might have been selected. Appellant, during the trial, fully explained to the jury the reason for his absence. Appellant also called as a witness his doctor, who testified appellant was suffering from a disease which rendered him subject to nervousness and that in all probability appellant did not realize that he was doing anything wrong when he left the courtroom. Appellant was in no worse position before this jury than he would have been before any other. The jurors in this case testified in the hearing on the motion to suppress that they were in no way prejudiced against the defendant because of the flight. To have suppressed the panel in this case would have been equivalent to defendant taking advantage of his own wrong. This certainly would be a unique way for a defendant to disqualify a panel of jurors not to his liking. The point is ruled against appellant.

In the second and third assignments of error appellant asserts that the trial court erred in permitting the State's counsel to cross-examine appellant and his wife upon matters not referred to on direct examination. We have read the evidence carefully with these assignments in mind. The record discloses that the trial court promptly sustained appellant's objections to every question asked of both appellant and his wife with reference to any matter not referred to on direct examination. It must be borne in mind that the prosecuting attorney was not limited to a categorical review of the questions asked by appellant's counsel, but was at liberty to cross-

examine with reference to any subject upon which the witness being cross-examined gave testimony. [State v. Simmons, 332 Mo. 247, 58 S. W. (2d) 302, 1. c. 304 (12); State v. Wilson, 321 Mo. 564, 12 S. W. (2d) 445, 1. c. 446 (2); State v. Berning, 91 Mo. 82, 3 S. W. 588; State v. Mastin, 277 Mo. 495, 211 S. W. 15, 1. c. 18 (3).]

█ Appellant next assigns as error the action of the trial court in permitting the prosecuting attorney to read the information, including the affidavit, to the jury. The record upon this point discloses the following to have occurred:

"The opening statement on the part of the State was made by Nat W. Benton, Prosecuting Attorney, at the beginning of which he stated as follows:

"(MR. BENTON): Gentlemen of the jury; I will read the information in this case:

"Defendant objected to the reading of the information in this case, for the reason that the pleadings were addressed solely to the Court, not to the jury; that the reading of the information in this case would serve only to prejudice the jury against the defendant.

"Which objection was by the Court overruled.

"To which ruling of the Court the defendant, by counsel, then and there at the time duly excepted.

"The information was thereupon read to the jury by Mr. Benton, the prosecuting attorney; same being as follows." Then follows a copy of the information, including the affidavit of the prosecuting attorney. From the foregoing record we cannot determine with any degree of certainty that the affidavit of the prosecuting attorney was in fact read to the jury. Neither the objection nor the record makes any specific reference to the affidavit. It was pointed out in State v. Brown, 62 S. W. (2d) 426, that the better practice to be followed in the prosecution of criminal cases is, not to read the information to the jury, but for the prosecuting attorney to make a statement of the State's case, as required by Section 3681, Revised Statutes 1929 (Mo. Stat. Ann., p. 3227); State v. Loeb, 190 S. W. 299, 1. c. 303 (1); State v. Richards, 334 Mo. 485, 67 S. W. (2d) 58. In a number of states the indictment or information is by statute required to be read to the jury prior to the introduction of any evidence by the State. [See 16 C. J. 806, sec. 2051.] This for the purpose of informing the defendant of the charge against him, to which charge he may plead. In Missouri, under Section 3681, supra, the prosecuting attorney is required to state in substance what the State intends to prove against the defendant. [State v. Loeb, supra, and State v. Honig, 78 Mo. 249.] While as we have said the better practice is not to read the information, we cannot see how the reading of the charge to the jury, be it an information or indictment, can be considered reversible error in view of the court's instruction which

it is bound to give with reference to reasonable doubt. In this case the court gave an instruction which in part read as follows:

"A defendant is presumed to be innocent and this presumption remains until the state, *by evidence*, establishes his guilt to your satisfaction and beyond a reasonable doubt, etc." (Italics ours.)

Jurors would readily understand that the State must produce evidence of guilt and that the information or indictment was merely an accusation. A defendant, if he so requests, is entitled to an instruction informing the jury that the information or indictment is a mere formal charge and not to be considered as evidence against him. A court, however, is not required of its own motion to so instruct. [16 C. J. 983, sec. 2387, notes 25, 26; State v. Baker, 37 S. W. 810, l. c. 811 (2), 136 Mo. 74.] We, therefore, rule the point against appellant.

■ Error was assigned because the officer in charge of the jury, after the jury had been deliberating several hours, without leave of court, permitted the jury to hold telephone conversations and thereby afforded an opportunity to communicate with outsiders. An affidavit of one of the attorneys for appellant, setting forth these facts, was filed with the motion for new trial. Affidavits of jurors were filed by the prosecution which in substance revealed that the jurors had been permitted to use the telephone to communicate with members of their families about personal matters and that in none of the conversations was any reference made to the case on trial. The affidavit of the attorney for appellant affirmatively disclosed that he was present and personally observed that the jurors were making use of a telephone. It further appears from the affidavit that the trial court had no knowledge of this fact. No showing was made that the attorney for appellant reported this matter to the trial court or that it was complained of in any manner until in the motion for new trial. If a defendant and his attorneys in such a case sit idly by and do not raise the question until in the motion for a new trial the point must be considered waived. This for the very good reason that a party to a lawsuit may not keep a matter of this kind in the background, gamble on a verdict and in case it is against him bring forth the question for the first time and obtain a new trial. [16 C. J. 1161, sec. 2670; State v. Rasco, 239 Mo. 535, 144 S. W. 449, l. c. 464 (34), and cases there cited.] See, also, State v. Malone, 333 Mo. 594, 62 S. W. (2d) 909, l. c. 915 (11) and State v. Trainer, 336 Mo. 620, 80 S. W. (2d) 131. We do not want to be understood as condoning the dereliction of duty on the part of the officer in charge of the jury as disclosed by the affidavits in this case. We have repeatedly condemned such practices. [See State v. Malone, 333 Mo. 594, 62 S. W. (2d) l. c. 913 (8).]

■ We have disposed of all points raised in the motion for new

trial and in appellant's brief. In oral argument it was urged that the information was fatally defective in that it charged the property was taken "*from* the presence and against the will of the said Jack Walker," which allegation it was argued was not in the language of the statute. Section 4058, Revised Statutes 1929 (Mo. Stat. Ann., p. 2856), reads as follows:

"Every person who shall be convicted of feloniously taking the property of another from his person, or *in* his presence, and against his will," etc. (Italics ours.)

The variance pointed out is at most but a grammatical error and could not have misled appellant. No mention was made of the point until the oral argument in this court. The defect cannot be declared to be fatal. The information being good in substance the assignment is ruled against appellant. The record does not disclose any material error. The judgment is, therefore, affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.