STATE of Missouri, Respondent,

v.

Willis DEES, Appellant.

No. 44205.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

·Wm. T. Powers, Piedmont, J. Ben Searcy, Eminence, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

Upon trial by jury in the Circuit Court of Wayne County, defendant was found guilty of embezzlement of the sum of $61.50 of public moneys that came to him by virtue of his office as sheriff of said county, as that offense is defined in § 560.280. (All statutory references herein are to RSMo 1949 and V.A.M.S.)

Defendant's punishment was assessed at imprisonment in the State Penitentiary for a term of two years. He has appealed from the sentence imposed in conformity with the verdict, but has not presented us with a brief. We, therefore, examine the record and valid assignments of error set forth in the motion for new trial. Rules 28.02, 42 V.A.M.S., and 27.20, 42 V.A.M.S.

At the time of the occurrences hereinafter narrated, defendant was the duly elected, qualified and acting sheriff of Wayne County. On May 6, 1950, as shown by jail records, he arrested one Carl Bailey for the offense of careless and reckless operation of a motor vehicle. On May 8, 1950, Bailey pleaded guilty to that offense in the Magistrate Court of Wayne County, as shown by its records and files in case No. 483, and was sentenced to pay a fine of $50 and court costs in the sum of $11.50. In default of payment thereof, he was committed to the county jail. On the evening of May 8, 1950, defendant, at Carl's request, took Carl to the home of his parents, Mr. and Mrs. C. J. Bailey, where Carl and his father conferred. On the 10th day of May, 1950, Mr. and Mrs. C. J. Bailey went to defendant's office in Greenville, at which time they were permitted to talk with Carl at the jail, following which they returned to defendant's office and then and there gave defendant a check, dated May 10, 1950, drawn on the Bank of Poplar Bluff, payable to the order of defendant in the sum of $66.50 and signed by C. J. Bailey, in payment of said fine and

costs and a charge of $5 made by defendant for taking Carl to the home of his father on the evening of May 8th. This check bears the endorsement of defendant and was paid by the drawee bank on May 13 (or 15), 1950. Admittedly, defendant received the proceeds thereof at the time he endorsed it. Carl was thereupon released from custody.

Mary Bollinger Glenn, Clerk of the Magistrate and Probate Courts of Wayne County since 1947, testified in behalf of the State: A memorandum attached to the file in the case of State v. Carl Bailey, No. 483, and being such an entry as is generally made in such cases, shows: "No money paid, plea of guilty, 5–8–50, $50.00 fine and $11.50 costs." There is no record showing payment. No money was ever paid to her in case No. 483. There was also a notation in the files: "See Pete (defendant) about this." Two or three days after the fine was assessed, defendant told her that Carl's father "was sort of a preacher like and he was going to let him (Carl) stay in jail." Sometime later defendant told her he let Carl go home, that Carl was going to bring the money or send it. Later she again asked defendant about the matter and suggested he should bring Carl back to jail. Defendant told her he heard Carl had enlisted in the army and was probably gone.

On cross-examination, witness testified: Judge Templeton (of the Magistrate and Probate Courts) was ill and in the hospital several times in 1950, at which times witness was in charge of the office. But he was in the office on the 8th and 10th days of May and made a bank deposit on the 10th. Her conversations with defendant were within two months after the fine was assessed. She did not recall that on May 10, 1950, defendant, accompanied by two men, Rolla Elder and Roy St. Clair, came into her office and laid money on the desk, nor did she recall any conversation between the judge and defendant "about it being for a fine and costs of Carl Bailey."

Matt H. Reichert, Judge of the Magistrate and Probate Courts, testified: He was Prosecuting Attorney of Wayne County in 1950 and, as such, filed a criminal prosecution against defendant arising out of the Carl Bailey fine and costs. One or two weeks after Carl's conviction the clerk told witness the fine had not been paid. He then had a conversation with defendant, during which defendant told him he let Carl go home to get the money to pay it, but that Carl had not returned with it. About two weeks later, the clerk again asked him to see defendant about it, which he did. Defendant told witness he heard that Carl had gone into the army.

Defendant testified: He arrested Carl Bailey on Sunday, May 7, 1950. On Monday, at Carl's insistence, defendant took him to his parents' home. On Wednesday, Mr. and Mrs. C. J. Bailey delivered to defendant the check hereinabove mentioned, $61.50 of which defendant paid to Judge Templeton in currency on that day. Mary Glenn, the clerk, was present and picked up the money. Roy St. Clair and Rolla Elder were also present. He never had any conversation with Matt Reichert, the (then) prosecuting attorney, about the Carl Bailey fine and costs.

Rolla Elder testified: He saw defendant pay money to Judge Templeton and identified C. J. Bailey as the person present when the money was paid. Roy St. Clair was also present.

It was stipulated and the jury was advised that Roy St. Clair would testify, if present, that on or about May 10, 1950, he was in the office of defendant when a man whom he later learned to be C. J. Bailey was talking to defendant about a fine and costs owed by his son to the county and state, and that he there saw Bailey give defendant a check. The sheriff laid some money on a desk and "the young lady picked it up." Rolla Elder was also present.

Mary Bollinger Glenn was recalled to the witness stand by defendant and testified that she did not issue a receipt to one Walter Biggers on or about the 11th day of February, 1950. Her fee book did not show that he paid her the sum of $33.50 on that date. Biggers did not pay her any money in February, 1950.

Walter Biggers was then called to the witness stand by defendant, and defendant offered to prove by him that he lived at 1306 S. Broadway, St. Louis; that he paid a fine in Wayne County, Missouri, in February, 1950, "for drunk and reckless driving"; that on that occasion he was arrested by defendant, kept in jail over night, and the next day was released upon his promise to return the next day and pay a fine of $25 and $8 costs; that he did as promised, paying the fine and costs to a young lady whom he identified as Mary Bollinger Glenn; that she gave him no receipt. The offer was denied.

Both C. J. Bailey and Mrs. Bailey testified that neither Rolla Elder nor Roy St. Clair was present when the fine and costs were paid to defendant.

Over objection of defendant, the State, in rebuttal, was permitted to place in evidence and read to the jury duly identified statements of account submitted by defendant to the County Court of Wayne County for the board of prisoners lodged in the county jail during the months of May and June, 1950. The statement for the month of May showed that defendant charged the county for the board of Carl Bailey, *in said case No. 483,* for a period of 26 days beginning May 6, 1950. The statement for the month of June submitted a like charge for the board of Carl Bailey *in said numbered case* for 16 days during that month. The court also admitted in evidence, over objection of defendant, warrants issued by the County Court of Wayne County to defendant in payment of the aforesaid board bills.

The trial court, over the objection of defendant, permitted Belva Ijames to testify in rebuttal: Witness succeeded defendant as Sheriff of Wayne County and came into possession of "the prisoner's record book". It showed "prisoner No. 150, Carl Bailey, committed May 6, (1950) by Sheriff Dees. * * * May 6th, he was taken as a prisoner and discharged the 16th of June, 1950."

In surrebuttal, defendant testified: He had another Bailey, "Charles", in jail for about two months during the time referred to in the records above set forth, and "just made the mistake and put 'Carl' there." He never made any record for the period of Carl's incarceration and "didn't charge Carl a dime board there for four or five days."

Defendant, in surrebuttal, also introduced in evidence the files in the case of State of Missouri v. Willis Dees (defendant herein), Case No. 770. These files showed, in substance, that defendant had been charged (on information filed by the prosecuting attorney in the Circuit Court of Wayne County on June 29, 1953) with unlawfully and fraudulently presenting to the County Court of Wayne County an account for board of Carl Bailey in the county jail for 16 days in the month of June, 1950, whereby he obtained the sum of $16 from said county, when, in truth, Carl Bailey had not been confined in jail during that period of time; and that, upon motion of defendant, said cause had been dismissed because the prosecution thereof had been barred by limitation.

■ The information in the instant case charges in meticulous detail all of the facts necessary to show that defendant, as Sheriff of Wayne County, did wilfully, fraudulently and feloniously convert to his own use the sum of $61.50 of public moneys received by him in payment of the fine and costs imposed upon Carl Bailey by the Magistrate Court of said county, as that offense is defined in § 560.280. It is sufficient in form and substance. State v. Noland, 111 Mo. 473, 486, 19 S.W. 715, 717; State v. Brawley, Mo.Sup., 242 S.W.2d 564.

■ The evidence introduced in behalf of the State made a submissible case of the defendant's guilt of each and every essential element of the offense denounced by the statute, § 560.280, and charged in the information. State v. Noland, 111 Mo. 473, 19 S.W. 715; State v. Baker, Mo.Sup., 285 S.W. 416, 417.

■■ . At the beginning of the trial, defendant orally moved that the cause be dismissed upon the ground that §§ 57.150–57.-

190 provided an exclusive method and remedy for dealing with a sheriff who has failed to pay over funds lawfully coming into his possession; and for the further reason that the magistrate failed to comply with the provisions of said statutes. At the close of the evidence, defendant offered an instruction embodying the provisions of those sections, which the court refused. In his motion for new trial, defendant complains of the failure to sustain said motion to dismiss and the failure to give said instruction. Said sections make it the duty of an outgoing sheriff to turn over funds in his hands to the proper parties, provide for double liability on his bond for failure or refusal to turn over such funds and make such failure or refusal a misdemeanor; provide for summary proceedings against his sureties; and require courts of record to settle with the sheriff or marshal each term. These sections do not deal with embezzlement or fraudulent conversion, but rather with the civil liability of an outgoing sheriff for failure to turn over to his successor in office funds due other persons or officials. The only crime therein defined is a provision making it a misdemeanor if the outgoing sheriff fails to perform the duties therein imposed upon him. The contentions made by defendant as to the applicability of these sections are without merit.

█ Error is assigned in the giving of State's instruction No. 1, upon which the issue of defendant's guilt was submitted to the jury. Suffice to say that it duly hypothesizes a finding of the facts charged in the information, a further finding that, by the commission of the facts therein set forth, defendant "did unlawfully, feloniously, fraudulently and intentionally convert said moneys or any portion of the same to the value of $30 or more, to his, the defendant's own use, * * *", directs that, so finding, the jury should find the defendant guilty as charged in the information, and that unless it so finds it should acquit him. It was sufficient in form and substance. State v. Hailey, 350 Mo. 300, 165 S.W.2d 422, 426 [5-8].

█ The verdict found defendant "guilty as charged in the information" and fixed his punishment at imprisonment in the State Penitentiary for a term of two years. In the motion for new trial defendant says the verdict is not responsive to the issues and does not find the defendant guilty of any charge, because the information was not before the jury. As stated, Instruction No. 1 submitted the facts charged in the information and advised the jury that if it found defendant committed those acts with the wilful and felonious intention of converting the moneys to his own use, then the jury should find him guilty as charged in the information. Thus, the jury was advised of the charge set forth in the information. Clearly, the verdict was responsive to the issues as charged in the information and detailed in the evidence. State v. Martin, 230 Mo. 680, 691, 132 S.W. 595, 599; State v. Jackson, 283 Mo. 18, 222 S.W. 746, 748; State v. Hyatt, Mo.Sup., 71 S.W.2d 711, 712 [6]. The assignment is overruled.

█ The motion for new trial assigns error in refusing to permit witness Walter Biggers to testify that he had paid to magistrate clerk Mary Bollinger Glenn the sum of $33.50, in discharge of an alleged fine and costs assessed against him for drunken driving, for which he received no receipt. The proffered testimony of Biggers related to a purely collateral matter, admissible only for the purpose of impeachment. Defendant was bound by the answers given by the witness whom he sought to impeach. State v. Baublits, 324 Mo. 1199, 27 S.W.2d 16, 19-20; State v. Rose, Mo.Sup., 249 S.W. 2d 324, 328 [2]. The assignment is overruled.

█ Defendant assigns error in admission of the statements of account for board of Carl Bailey as a prisoner submitted by defendant to the county court for the months of May and June, 1950, and the warrants delivered to defendant in payment thereof upon the ground they did not constitute proper rebuttal testimony and were prejudicial. Obviously, such statements of account were material. They tended to

show that defendant wrongfully and fraudulently charged for and collected the board of Carl Bailey as a prisoner held in jail in default of payment of the fine and costs assessed against him *in said Case No. 483*, when in truth and in fact said fine and costs had long since been paid and Carl Bailey had been finally discharged from the jail on May 10th. Such testimony is persuasive evidence of an intent on the part of defendant to conceal and never to account for the amount of the fine and costs paid him by C. J. Bailey. The scope of rebuttal testimony is largely within the sound discretion of the trial court, and unless the court has abused its discretion, or a defendant's rights are prejudicially affected, an appellate court will not reverse on that ground, even though the evidence in question was admissible in chief and was not strictly rebuttal evidence. State v. Martin, Mo.Sup., 56 S.W.2d 137, 140; State v. Smith, Mo.Sup., 261 S.W.2d 50, 55. The contention is overruled.

■■■ Defendant further contends the trial court erred in permitting the cross-examination of defendant in regard to said statements of account for the reason that such cross-examination was beyond the scope of the direct examination of defendant. A careful search of the record shows that defendant was not cross-examined with regard to the statements until after he had taken the witness stand in surrebuttal and had undertaken to explain that the charges therein made for the board of Carl Bailey were in fact for the board of Charles Bailey. Having testified relative to such statements on direct examination, it was competent to cross-examine him concerning them. Moreover, even though defendant did not testify on his original direct examination in chief relative to said statements, yet he did testify that he paid over the fine and costs received from C. J. Bailey to the clerk of the magistrate court. Having so testified, it was competent to cross-examine him concerning acts done by him that were inconsistent with the testimony. The subject matter of defendant's testimony was the disposition of the $61.50 paid to him by C. J. Bailey. The statute limiting the cross-examination

of defendant to any matter referred to in his examination in chief, § 546.260, does not limit his cross-examination to a mere categorical review of the matters testified to on direct examination. State v. Wilson, 321 Mo. 564, 12 S.W.2d 445, 446[2]. He may be cross-examined with reference to any subject matter concerning which he gave testimony. State v. Gilmore, 336 Mo. 784, 81 S.W.2d 431, 432 [2]. The assignment is overruled.

■■■ Defendant also contends that the statements of account rendered by him to the county court for the board of Carl Bailey as a prisoner in the county jail were inadmissible in evidence because they were the basis of a criminal action filed against defendant on June 29, 1953, which was dismissed on September 28, 1953; and that such records tended to convict defendant of another crime. The rule is that proof of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to establish defendant's guilt of the offense for which he is on trial. State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 884 [5–7]; State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920, 922 [1, 2]. The statements of account for the board of Carl Bailey, in the specifically numbered case (483) of which Carl Bailey was convicted, and the receipt and retention of payment of the amount charged by defendant for such board, certainly tend to establish that defendant was attempting to lead the county court to believe that the fine and costs assessed against Carl Bailey had not been paid. Such conduct was inconsistent with the defense asserted by defendant at the trial, to wit: that he had remitted to the clerk of the magistrate court $61.50 of the amount received from C. J. Bailey in payment of the fine and costs assessed against Carl. Under such circumstances, the mere fact that such statements of account tended to establish another criminal act in connection with the same case did not render the evidence incompetent. State v. Higginbotham, 335 Mo. 102, 72 S.W.2d 65, 68–69 [3, 4]. The contention must be overruled.

208

Defendant was granted allocution and the judgment is responsive to the verdict. §§ 546.550, 546.560, 546.570, 546.580.

The judgment is affirmed.

All concur.