**STATE of Missouri, Respondent,**

v.

**David BROWN, Appellant.**

No. 46421.

Supreme Court of Missouri,

Division No. 1.

May 12, 1958.

No brief filed for appellant.

John M. Dalton, Atty. Gen., Robert T. Donnelly, Sp. Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant was charged by indictment with murder in the first degree. Upon trial, a jury returned a verdict of guilty of murder in the second degree and assessed defendant's punishment at twenty years in the state penitentiary. Sections 559.010 and 559.030 RSMo 1949, V.A.M.S. Defendant has appealed from the ensuing judgment, but has filed no brief herein. We shall look to his motion for a new trial for assignments of contended errors.

There is no contended error assigned in defendant's motion pertaining to the substantiality of the evidence in supporting the verdict and judgment of conviction. All errors assigned in the motion relate to the trial court's rulings in admitting and excluding evidence. Consequently, we shall only generally state the evidence introduced tending to show defendant's guilt, and tending to show defendant's defense.

There was evidence that at approximately one o'clock in the morning of January 6, 1956, defendant and another were standing in front of a liquor store on Laclede Avenue in St. Louis. One Robert Garrison, deceased, came across the street toward them, and defendant and deceased began quarreling. Defendant drew a pistol. Deceased knocked the pistol from defendant's hand; but defendant recovered the weapon and, after following deceased who apparently was moving away, defendant threatened to kill deceased and fired two shots one of which was fatal. Defendant testified that deceased had a knife in his hand and "was coming out after me, that's why I shot.

* * * I just intended to stop him." Officers found a closed knife in the pocket of the shirt worn by deceased. The knife was described as a "small, light, two-bladed knife, with a white handle." Witnesses for the State testified that deceased had had no weapon in his hand.

It is initially assigned in defendant's motion for a new trial that the trial court erred in overruling defendant's objection to a question propounded by the Assistant Circuit Attorney on cross-examination of defendant. Defendant was asked, " * * * As a matter of fact, isn't it true that the police recovered about four other guns from your home * * *?" It is stated in the motion that the question went beyond the scope of the direct examination of defendant; tended to prove that defendant was guilty of crimes other than that which he was charged and was, therefore, in violation of his constitutional rights; and "got before the jury matters which would necessarily prejudice them against the defendant * * * and cause them to believe that the defendant was some sort of gunman, since he owned several other guns besides the one he was alleged to have used in the alleged offense."

Our examination of the transcript on appeal discloses that on direct examination defendant's counsel interrogated defendant concerning defendant's proprietorship of a store in which "a fellow left a gun * *; the gun I had," and further interrogated defendant concerning former convictions of crime as follows,

"Q. Have you been convicted of any crime lately? A. I was convicted a couple times.

"Q. What for? A. For that gun I was telling you about. * * * Possession of a gun. * * *

"Q. If you know what specific violation it was, will you state it? A. Possession of government property, I bought from a guy, a soldier."

The cross-examination complained of in defendant's motion for a new trial was as follows,

"Q. Is this the gun you shot him with? A. Yes; that's it.

"Q. Is this the only gun that you own? A. Yes.

"Q. Are you sure of that? A. That's right.

"Q. As a matter of fact—

"Mr. Rankin (counsel for defendant): I object to that as not being relevant, and is immaterial. It goes beyond the scope of the direct examination anyway.

"The Court: Overruled.

"Q. (By Mr. Draper) As a matter of fact, isn't it true that the police recovered about four other guns from your home that you said were yours? A. Sure they was mine.

"Mr. Rankin: I object to that. It is outside the scope of the direct examination.

"Mr. Draper: It is for the purpose of impeachment.

"The Court: Overruled.

"The Witness: Sure they was mine."

■■ It will be noted that, other than the reason assigned in the motion for a new trial that the question on cross-examination "went beyond the scope of the direct examination of the defendant," the grounds or reasons assigned in the motion for a new trial were not stated in support of defendant's objection to the question when it was propounded to defendant on cross-examination at the trial. And it would seem the subject matter of the cross-examination was injected into the case by defendant's counsel in the examination in chief; and, upon cross-examination, without objection, the subject of the direct examination was pursued, the defendant, in both instances, answering in such a way as to convey the inference that he had possessed but one gun which had been left with him by some fellow or bought from a soldier. We have the opinion a limited inquiry on cross-examination into the possession of other guns was related to and within the fair purview of the direct examination, and was justified in tending to destroy the inference defendant sought to convey, and test the accuracy and reliability of his testimony. The assignment is ruled adversely to defendant-appellant. It is provided that a defendant in a criminal case shall be liable to cross-examination as to any matter referred to in his examination in chief. Sections 491.070 and 546.260 RSMo 1949, V.A.M.S. This does not mean that the cross-examination must be confined to a categorical review of matters stated in defendant's examination in chief. Cross-examination may cover any matter within the fair purview of direct examination; and mere incidental inquiries, or inquiries made to test the accuracy of defendant's testimony or memory are permissible. State v. Hartwell, Mo.Sup., 293 S.W.2d 313; State v. Dees, Mo.Sup., 276 S.W.2d 201; State v. Swisher, 364 Mo. 157, 260 S.W.2d 6; State v. Gilmore, 336 Mo. 784, 81 S.W.2d 431; Section 546.260, supra.

It was further assigned that the trial court committed error in admitting into evidence "State's Exhibit B," a photograph of the scene of the homicide which (according to the assignment in the motion for a new trial) showed a substance, apparently blood, on the sidewalk. It is assigned or contended that the admission of this exhibit was not necessary to the presentation of the State's case, inasmuch as a detailed chart drawn to scale was offered by the State and admitted into evidence for the purpose of showing the "locality of the alleged offense." It is further contended that there was no evidence tending to show that the photograph portrayed the scene as it actually was at the time of the homicide; and that the picture was of an inflammatory nature and necessarily prejudiced and excited the jury against defendant.

A witness, the photographer who took the picture (State's Exhibit B), testified that the picture was taken approximately an hour after the homicide. The body of deceased had been removed at that time. The witness stated the exhibit truly reflected the conditions at the scene. A police officer, who arrived at the scene within seconds after the homicide, testified the exhibit correctly portrayed the scene, except that an automobile shown in the exhibit as being parked at the curb was not there when the officer arrived. The testimony of these witnesses, including the explanations relating to the automobile and the removal of deceased's body, was sufficient prima facie in showing the exhibit was an accurate portrayal of the scene at the time of the homicide. The exhibit was of probable value to the jury in enabling the better understanding of the testimony of the witnesses who described the positions and movements of defendant and deceased during the altercation preceding the homicide and their positions when the fatal shot was fired. The fact that the exhibit may have disclosed bloodstains on the sidewalk or pavement was not in itself sufficient reason for the exclusion of the exhibit, although it is true that "if the exhibition of gruesome photographs to the jury would serve no useful purpose in proving the crime, the trial court in the exercise of a sound discretion may exclude them." State v. Morris, Mo.Sup., 248 S.W.2d 847, 849. It is not a valid objection that witnesses have testified concerning conditions at the scene, or that a plat or chart was introduced which purportedly illustrated the conditions shown by the Exhibit B. The photograph no doubt conveyed a clearer impression of the conditions at the scene of the crime than oral testimony, or the draft of a plat or chart even though drawn to scale. There is nothing in the transcript on appeal which indicates the trial court improperly admitted the exhibit into evidence. Photographs are generally held admissible if they tend to show the conditions existing at the scene of a crime and enable a better understanding of the facts and circumstances detailed by witnesses and of the bearing of such facts and circumstances upon the ultimate issues of a case. See State v. Tyson, 363 Mo. 1242, 258 S.W.2d 651; State v. McHarness, Mo.Sup., 255 S.W.2d 826; State v. Finn, Mo.Sup., 243 S.W.2d 67; State v. McGee, 336 Mo. 1082, 83 S.W.2d 98.

Further error is contended in sustaining the objection of the State to a question propounded by defendant's counsel in the cross-examination of a State's witness, one of the arresting officers, in which question the witness was asked, in substance, if the defendant had not told the witness at the time of the arrest that deceased had threatened defendant with a knife. It is assigned that the sustention of the State's objection to this question was an undue limitation of defendant's right of cross-examination, and prevented defendant "from receiving a fair trial." There is no merit in this contention. The exclusion of this testimony, self-serving in character, was proper. A defendant is not permitted to create evidence by adducing testimony of his own self-serving act or declaration which is independent of the res gestae of the crime. State v. Tripp, Mo.Sup., 303 S.W.2d 627; State v. Perkins, Mo.Sup., 92 S.W.2d 634; State v. Golden, 330 Mo. 784, 51 S.W.2d 91; State v. Blitz, 171 Mo. 530, 71 S.W. 1027; State v. Shermer, 55 Mo. 83; Underhill's Criminal Evidence, 4th Ed., § 255, pp. 480–483. Moreover, the evidence having been correctly excluded initially upon objection, defendant's counsel without objection presently proceeded to cross-examine the arresting officer at length relating to this matter, which cross-examination included the question whether the witness had not stated at the coroner's inquest that "Brown said he (deceased) had a knife." And, without objection, defendant, testifying in his own behalf, stated he had told the arresting officers that deceased had a knife. See again State v. Perkins, supra.

The indictment was sufficient in form and substance, and the verdict was sufficient in form and responsive. Allocution was afforded and judgment and sentence duly entered and pronounced.

The judgment should be affirmed. It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.