**STATE of Missouri, Respondent,**

v.

**Richard Forrest MOORE, Appellant.**

No. 48512.

Supreme Court of Missouri,

Division No. 1.

June 12, 1961.

J. K. Owens, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Charles H. ·Sloan, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

On June 2, 1960, in the Circuit Court of Clay County, defendant Moore was convicted by a jury on a charge of robbery in the first degree. His punishment was assessed at five years' imprisonment in the State Penitentiary. From the judgment entered, defendant appealed to this court.

No brief has been filed in this court by the defendant. In the motion for new trial, four questions were preserved for our review: The sufficiency of the information; the question of whether the trial court erred in not directing a verdict of not guilty; whether the court should have declared a mistrial for improper statements made by the Prosecuting Attorney; and whether the trial court permitted the prosecutor to cross-examine the defendant on matters not brought out on direct examination.

We shall consider these questions in the order stated. The charging portion of the information reads that "on or about the 18 day of June A.D. 1959, at the County of Clay, in the State of Missouri, one Richard Forrest Moore did then and there wilfully and feloniously, in and upon Norman Cardwell, Jr. did make an assault with a shot gun, a dangerous and deadly weapon and did steal, take and carry away money, the property of Lester Ervin and Billie Ervin, the said Norman Cardwell, Jr. being then and there the servant and agent of said Lester Ervin and Billie Ervin in charge of said money, from the person of and in the presence of said Norman Cardwell, Jr. by putting the said Norman Cardwell, Jr. in fear of immediate injury to his person, against the peace and dignity of the State." The information follows the wording of the statute, Sec. 560.120 RSMo 1959, V.A.M.S., and is therefore sufficient. State v. Jarrett, Mo., 317 S.W.2d 368; State v. Moody, Mo., 312 S.W.2d 816.

With reference to the alleged robbery, the evidence on the part of the State supports the following narration of the events: On the night of June 17, 1959, the defendant and one William J. Schackleford obtained a sawed-off shotgun from Ray Vanzandt who lived in Liberty, Missouri. A few hours later, in the early morning of June 18, Schackleford appeared at the Old Dutch Mill at Nashua, Clay County, Missouri, threatening to shoot Norman Cardwell, Jr., a clerk at the Mill, unless Cardwell gave him money. Cardwell, from his pocket, gave Schackleford money which belonged to Mrs. Ervin, the owner of the Mill. More money was demanded and Mrs. Ervin gave Schackleford the money from the cash register. About that time, a truck stopped at the Mill and Schackleford left. Witnesses heard and

saw a car leave a place near the Mill, going in an easterly direction on Highway 71 By-Pass. The Highway Patrol was notified and shortly thereafter a patrolman stopped a car answering the description of the car which had left the Mill. The defendant was the driver of and the owner of the car; Schackleford was in the car with defendant. A search resulted in finding a sawed-off shotgun, a towel answering the description of the one used by the robber to hide a portion of his face during the holdup, and money was found on Schackleford and the defendant Moore. In addition to the money taken from Cardwell, Mrs. Ervin gave Schackleford $40 in cash and a $10 check from the cash register. Schackleford was identified by the witnesses who were present at the time of the commission of the offense. After the arrest, the defendant admitted to the patrolman and other officials that he had remained in the car during the holdup and pointed out to the officers where he had parked his car. He made admissions of facts which definitely connected him with the alleged crime. We are of the opinion that the evidence was ample to support a verdict of guilty and therefore the trial court properly denied the request for a directed verdict of not guilty.

■ Only a portion of the argument of the attorneys to the jury was preserved in the transcript of the record. In the motion for new trial, assignment No. 9 reads as follows: "That the Court erred in not discharging the jury in the improper argument made by the Assistant Prosecuting Attorney, Mr. Kiser, when he made the statement that the defendant was guilty, not leaving to the jury the right to determine his guilt by the evidence." Without passing on the sufficiency of that assignment, we take it for granted that defendant intended the assignment to apply to the following argument:

"Mr. Kiser: Ladies and Gentlemen, I'll conclude the first part of our argument for the State. As Mr. McFadin has told you,

this is a duty which all of us have, especially Mr. McFadin and I and the members of the jury. I wish that these men would not go out and commit these crimes and then we wouldn't have to send them to the penitentiary. It is not our fault or your fault that these crimes are committed. Sure, nobody likes to send a man to the penitentiary, but who sends him, do you, do I? He sends himself. Why? Because he's the man that commits the crime, he didn't have to, nobody made him."

As we view the statements of the prosecuting attorney, they amounted to no more than saying that the prosecuting officials and jurymen do not relish the duties of their offices in dealing with criminal cases; further, that, in fact, those persons who commit criminal offenses thereby subject themselves to be imprisoned therefor. The statements were applicable to the defendant and his accomplice. The rule that a prosecutor may not say to a jury that in his personal opinion, not based on the evidence, a defendant is guilty was not violated in this case. 23 C.J.S. Criminal Law § 1104, p. 578; State v. Burchett, Mo., 302 S.W.2d 9, loc. cit. 16(4); State v. Hacker, Mo., 291 S.W.2d 155, loc. cit. 160, 161(10) (11) (12). Controlling the arguments of prosecuting attorneys rests largely within the discretion of trial courts. 23 C.J.S. Criminal Law, § 1083, pp. 522, 523. We rule that the court in this case did not abuse its discretion in overruling defendant's objection to the argument quoted supra.

■ The last point pertains to the cross-examination of the defendant. It was stated in the motion for new trial that "the assistant prosecuting attorney insisted on asking questions within the hearing of the jury as to matters that were not brought out in direct examination, * * *." While defendant was on the witness stand, he answered questions on direct examination as follows:

"Q. You may state your name to the Court. A. Richard Forrest Moore.

"Q. You're commonly known as Dicky? A. Yes, sir.

"Q. Dicky, on the evening or the night of June—the night—the morning of June the 18th or night of June the 17th, did you know or have any idea or was you informed that prior to the time that Schackleford went into the—into the Old Dutch Mill, that he was going to hold that place up?

"Mr. Kiser: Object to that.

"A. No."

After some colloquy between the trial judge and the attorneys, the defendant's answer was permitted to stand. While that was the extent of the direct examination, it may be noted that the question covered a rather wide field. Defendant has not designated any question asked on cross-examination which he claimed to be prejudicial. We have examined the record closely and have failed to find any prejudice. The trial court was, in our opinion, not very liberal with the prosecution but rather he restricted the cross-examination. For example, the defendant was asked, "(By Mr. Kiser) What were you doing outside of the—if anything, outside of the—of the Dutch Mill when Mr. Schackleford left?" Objection to that question was sustained. Another question, "(By Mr. Kiser) Did you and Mr. Schackleford split the money or did he give you any of the money after the robbery took place?", elicited an objection which was sustained. In our opinion, the court protected the defendant's rights while he was being cross-examined. State v. Gilmore, 336 Mo. 784, 81 S.W.2d 431, loc. cit. 432(2); State v. Brown, Mo., 312 S.W.2d 818, loc. cit. 821 (1, 2).

We have ruled supra that the information was sufficient. Allocution was granted and other matters, such as the verdict of the jury and sentence, were found to be free from error.

The judgment is affirmed.

All concur.