**STATE of Missouri, Respondent,**

v.

**Marvin Louis WASHINGTON, Appellant.**

**No. 43963.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 1982.
Application to Transfer Denied
May 17, 1982.

the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court, . . . ."

William J. Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

Armed robbery. A jury found defendant Marvin L. Washington guilty and the trial court sentenced him as a persistent offender to 25 years in prison.

For the state, store clerk Trina Moore testified defendant had robbed her at gunpoint and took over $90. Defendant was soon arrested, returned to the store and identified by the victim; he had the stolen money.

Defendant later testified he took money from the cash register when the clerk had turned away; he denied threatening her or having a gun.

The trial court instructed on both robbery and stealing.

On this appeal defendant raises a single point. Arresting officer William Karabas had testified for the state to arresting and searching defendant but not to any statement made by him. Then on cross-examination defense counsel asked Karabas if he had interrogated defendant. Anticipating that defendant was trying to show he had made an exculpatory statement to the officer (to which defendant did testify later) the prosecutor objected. This on the ground defendant was attempting to show a self-serving statement. The court ruled defense counsel could not cross-examine officer Karabas about anything defendant might have told him which the officer had not mentioned in direct examination. Defense counsel made no proffer.

 Other than res gestae statements, which this was not, "defendant may not create evidence by adducing testimony of his own self-serving act or declaration...". *State v. Brown*, 312 S.W.2d 818[8, 9] (Mo. 1958). To the same effect see *State v. Sempsrott*, 587 S.W.2d 630[6–9] (Mo.App. 1979). The court did not err in barring cross-examination of the officer as to defendant's self-serving statement.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.